IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE



FILED

December 21, 1998

Cecil W. Crowson
Appellate Court Clerk

JORGE ARIEL SANJINES              )    FOR PUBLICATION
                                  )
       Plaintiff-Appellee         )    FILED: DECEMBER 21, 1998
                                  )
v.                                )    HAMILTON COUNTY
                                  )
ORTWEIN AND ASSOCIATES, P.C.,     )    HON. DOUGLAS A. MEYER,
WILLIAM H. ORTWEIN, and           )     JUDGE, sitting by interchange
J. CRIS HELTON                    )
                                  )    NO. 03-S-01-9712-CV-00139
       Defendants-Appellants      )


For Appellee:                          For Appellants:

J. ARIEL SANJINES, M.D.                SAMUEL R. ANDERSON
Pro se                                 SHANE USARY
                                       Chattanooga, TN


OPINION


REVERSED                                              BIRCH, J.

Jorge Ariel Sanjines, M.D., the plaintiff, is currently in the custody of the Department of Correction.[1]  On February 12, 1996, the plaintiff filed a *pro se* complaint alleging legal malpractice against Ortwein & Associates, William Ortwein, J. Cris Helton, and John Morgan,[2] the attorneys who had previously represented him in a criminal proceeding.  The essential allegation of this civil action was that the attorneys had been ill-prepared and had failed to represent the plaintiff adequately.  These "shortcomings," he alleged, forced him to enter guilty pleas to first-degree murder, attempted first-degree murder, and conspiracy to commit first-degree murder.  The trial court granted summary judgment to the attorneys because the plaintiff failed to file any response to their motions for summary judgment.  On the same day that the plaintiff filed the malpractice case, he also filed a *pro se* petition under the Post-Conviction Procedure Act.[3]  In it, the plaintiff alleged that he did not receive the effective assistance of counsel in the above-described criminal proceeding.

I

At issue here is whether the trial court abused its discretion in refusing to grant the plaintiff's motion to stay

---

[1]The plaintiff is serving an effective sentence of life imprisonment plus twenty-five years for first-degree murder, attempted first-degree murder, and conspiracy to commit first-degree murder.

[2]Morgan is not a party to this appeal.  His application for permission to appeal was dismissed by order of this Court on December 8, 1997.

[3]Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996).  The trial court denied the petition; it has been argued and is now under consideration by the Court of Criminal Appeals.

proceedings in the malpractice case until the conclusion of the post-conviction matter.[4] The Court of Appeals concluded that the refusal constituted an abuse of discretion. For the reasons stated herein, we find no abuse of discretion and conclude that the trial court properly refused to stay the proceedings in the malpractice case.

The matter before us is a simple inquiry into the trial court's discretion in refusing to stay the civil action. Although framed in the context of summary judgment, the plaintiff does not contest the trial court's grant of summary judgment; however, he challenges the denial of his motion to stay. Thus, our review is not under the *de novo* standard prescribed for application in summary judgment cases. See <u>Carvell v. Bottoms</u>, 900 S.W.2d 23, 26 (Tenn. 1995). Instead, questions of stay or continuance are matters entrusted to the sound discretion of the trial judge. <u>See</u> <u>Blake v. Plus Mark, Inc.</u>, 952 S.W.2d 413, 415 (Tenn. 1997). An appellate court cannot interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance. <u>Id.</u>; <u>see also</u> <u>Rachels v. Steele</u>, 633 S.W.2d 473, 475 (Tenn. App. 1981).

Though the issue seems simple, it is complicated by the procedural tension occasioned by the malpractice and post-conviction claims moving through the legal system at the same time

---

[4]As grounds, the plaintiff suggested the "inherent conflict and possible prejudice" in proceeding in the malpractice case prior to the conclusion of the post-conviction matter.

on different tracks and by the fact that the same evidence is relevant to both cases.

The plaintiff contends that he is constitutionally entitled to an _automatic_ stay of the malpractice case until the post-conviction matter has been concluded. In contrast, the defendants insist that the plaintiff's right to a trial does not include the right to avoid all pre-trial matters, such as summary judgment or dismissal motions, and that the trial court's ruling in this case was appropriate because the plaintiff had an opportunity to respond to the summary judgment motions but failed to do so.

II

We first address the question of the plaintiff's right to prosecute a civil action. In Whisnant v. Byrd, 525 S.W.2d 152, 153 (Tenn. 1975),[5] we held that an inmate "has a constitutional right to institute and prosecute a civil action seeking redress for . . . the vindication of any . . . legal right." We noted, however, that such right of action is "qualified and restricted." Id. The qualification addressed by Whisnant is the limited right of inmates to present their cases in court. Whisnant held that absent unusual circumstances, inmates who file civil actions unrelated to the legality of their convictions "will not be afforded the opportunity to appear in court to present their cases during their prison

---

[5] Whisnant was a civil action filed by an inmate for the return of some personal property. Although we know that Whisnant was convicted of armed robbery and concealing stolen property, we are unable to determine his effective sentence.

4

terms." Id. at 154. Trial courts were directed to hold such matters in abeyance until the inmate is released from prison, unless an "appropriate directive" is issued requiring the attendance of the inmate. Id.

The Court of Appeals's decision in this case, while not citing Whisnant, followed its rationale in holding that the trial court abused its discretion in refusing to stay the malpractice case. The Court of Appeals reasoned that a failure to stay the action until the conclusion of the post-conviction proceeding would result in prejudice to the judicial process. We cannot agree.

While the Court in Whisnant was concerned with the rights of inmates to file civil complaints, the Court did not hold that a stay is necessary in all civil actions filed by incarcerated persons in order to prevent prejudice to the judicial process. Neither did the Court hold that such persons have a constitutional right to a stay of their civil actions. The Court was concerned only with the rights and qualifications of an inmate to appear in court for trial. Whisnant does not discuss how a trial court should handle pre-trial matters such as stays of proceedings in inmate civil actions. That is the question thrust upon us today by the case under submission.

III

Before discussing how a trial court should handle an inmate's claim for legal malpractice, we must examine the differences between a civil action alleging malpractice on the one

5

hand and a post-conviction action alleging ineffective assistance of counsel on the other. While the conduct underlying both may be identical, the causes of action are distinctive. A malpractice case is a pure civil claim for damages. An ineffective assistance of counsel claim, however, arises in the context of a criminal proceeding and suggests that because of the deprivation of the petitioner's constitutional right to counsel, the petitioner is, in the usual case, entitled to a new trial.

The elements that must be proved are also different. The plaintiff in a malpractice case must prove that the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction. Spalding v. Davis, 674 S.W.2d 710, 714 (Tenn. 1984), overruled on other grounds by Meadows v. State, 849 S.W.2d 748, 752 (Tenn. 1993). In addition, the plaintiff must demonstrate a nexus between the negligence and the injury. Lazy Seven Coal Sales, Inc. v. Stone & Hines, P.C., 813 S.W.2d 400, 406 (Tenn. 1991).

In contrast, the petitioner in an ineffective assistance of counsel claim must prove that counsel's performance was deficient and that the deficiency caused prejudice. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To prove a deficiency, the petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional

6

norms.  <u>Henley</u>, 960 S.W.2d at 579; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>see also</u> <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975).  Moreover, to prove prejudice, "a petitioner must show that there is a reasonable probability that, <u>but for</u> counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Goad</u>, 938 S.W.2d at 370 (emphasis added)(quoting <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

Because the elements for legal malpractice and ineffective assistance of counsel are different, we cannot agree with the plaintiff that the mere simultaneous prosecution of these claims results in an inherent conflict mandating a stay of pre-trial proceedings.  Thus, the Court of Appeals erred in finding that the trial court abused its discretion by refusing to grant the plaintiff a stay of the malpractice case.

IV

Our decision today should not be construed as prohibiting the trial court, in an appropriate case, from staying a legal malpractice action during the pendency of a post-conviction matter alleging ineffective assistance of counsel.  For guidance as to which cases should be stayed and which cases should be allowed to proceed, we turn to other jurisdictions.

Many of our sister states have considered this very question. <u>See, e.g.</u>, <u>Shaw v. State Dep't of Admin.</u>, 816 P.2d 1358, 1360 (Alaska 1991); <u>Gebhart v. O'Rourke</u>, 510 N.W.2d 900, 905 (Mich.

7

1994).  These cases differ from the case under submission, however, because they were decided in the context of a statute of limitations question.[6]  Although we are not faced with such a question here, we find that the concerns raised by these courts provide a measure of guidance.  Those concerns include:

> (1) whether a stay would promote judicial economy and the conservation of judicial resources by reducing the duplication of legal issues to be litigated; and
>
> (2) whether the attorney defending a legal malpractice claim is likely to reveal privileged or other evidence that might hurt the criminal defendant's chances for post-conviction relief.

Courts should consider these factors on a case-by-case basis, while at the same time weighing the competing interests of the inmate-petitioner and the attorney-defendant.

In weighing these competing interests, the trial court should also consider whether there are alternatives to a stay that will still protect the parties' interests.  For example, the trial court should examine the following types of trial management techniques:

> (1)  the feasibility of proceeding by affidavit or deposition;
>
> (2)  the possibility of accelerating one case; and

---

[6]The statute of limitations question addressed by these other jurisdictions is whether the limitations period begins to run upon the occurrence of the professional conduct giving rise to the malpractice case or whether the statute is tolled until the criminal defendant's post-conviction matter has been successfully litigated.

          (3)   the   creative   use   of
          stipulations.

The use of such trial management techniques is also within the trial court's discretion.

V

Accordingly, we hold that an inmate who is the plaintiff in a legal malpractice case and who contemporaneously is the petitioner in a post-conviction matter involving the same facts is not entitled to an automatic stay of the malpractice case until the outcome of the post-conviction matter.[7]  It is within the trial court's discretion to determine, on a case-by-case basis, how to effectively move both cases through the system at the same time. Thus, in the case under submission, we reverse the Court of Appeals's holding that the trial court abused its discretion in refusing to grant a stay of the malpractice case.  Accordingly, we reinstate the summary judgment.

Costs of this appeal are taxed against Sanjines, for which execution may issue if necessary.

_____

ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, JJ.

_____

[7]To the extent that <u>Whisnant</u> can be interpreted as mandating an automatic stay in these cases, it is overruled.