IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## KENNETH R. LEWIS v. LEONARD MIKE CAPUTO

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 99-0825     W. Frank Brown, III, Chancellor**

**No. E1999-01182-COA-R3-CV - Decided April 28, 2000**

The plaintiff sued his former attorney for malpractice and breach of contract.  The trial court dismissed the complaint, finding that the suit was filed beyond the period of the applicable statute of limitations.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

SUSANO, J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ. joined.

Kenneth R. Lewis, Pikeville, Tennessee, Pro Se.

Leroy Phillips, Jr., Chattanooga, Tennessee, for the appellee, Leonard Mike Caputo.

**OPINION**

## I.

The plaintiff's complaint was filed on July 23, 1999. It was met by the defendant's motion[1] asserting that the suit was barred by T.C.A. § 28-3-104(a) (Supp. 1999),[2] the one-year statute of limitations applicable to legal malpractice claims. The trial court agreed and dismissed the complaint.

## II.

Our standard of review of a trial court's decision on a motion to dismiss is as follows:

> In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief. In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness.

***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997)(citations omitted). The facts that

---

[1]The motion is styled "Motion for Summary Judgment" and is expressly brought pursuant to Rule 56, Tenn. R. Civ. P. The plaintiff correctly points out that the defendant filed no affidavits in support of his motion. Though the defendant considered his motion as one for summary judgment, the substance of the motion indicates that it is actually a motion to dismiss pursuant to Rule 12.02(6), Tenn. R. Civ. P. Courts are to determine the true nature of pleadings according to their substance and not their form. ***Tennessee Farmers Mut. Ins. Co. v. Farmer***, 970 S.W.2d 453, 455 (Tenn. 1998). Therefore, we will treat the defendant's motion as one to dismiss pursuant to Rule 12.02(6).

[2]T.C.A. § 28-3-104(a)(Supp. 1999) provides, in pertinent part, as follows:

> The following actions shall be commenced within one (1) year after the cause of action accrued:
>
>    *  *  *
>
> (2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort.

-2-

follow are those set forth in the complaint.

III

In 1991, the plaintiff was arrested and charged with first degree murder. He retained the defendant, a licensed attorney, to represent him. In return for a fee of $20,500, the defendant agreed to serve as the plaintiff's attorney in all matters, including appeals, arising out of the charge of first degree murder. The terms of the representation[3] also extended to

> *any* and *all* post-trial matters; including buy not limited to any and all applications to the Tennessee Supreme Court, or any matter address to any Appellate Court; including and Rehearing Hearings and/or retrials in this criminal litigation;

The representation also included

> *any* and *all* Parole Board matters including *any* and *all*, release matters, and that Defendant Leonard M. Caputo, would remain the Attorney of Record, and assist Plaintiff Kenneth R. Lewis, with any and all Judicial matters, until this matter had been fully adjudicated by the Court, and prison system, until Plaintiff Kenneth R. Lewis, completed any and all adjudication in this criminal litigation, involving Hamilton County, Tennessee Criminal Docket Number 186818;

On or about December 1, 1991, the plaintiff entered a plea of guilty to a reduced charge of second degree murder and was sentenced to a term of 25 years as a range one offender. The plaintiff entered his plea after being told by the defendant that he "would be paroled" in seven and a half years less any sentence credits earned by the plaintiff. The defendant explained the credits that the plaintiff could earn "which basically meant that [he] would be paroled in about four (4) or five (5) years." The defendant told the plaintiff that "parole was guaranteed" because of a "very special agreement entered into by the prosecutor," *i.e.*, that the District Attorney General of Hamilton County would not oppose "earlier release and/or parole." The defendant also told the plaintiff that this understanding would be a part of the plea agreement and that if the District Attorney General violated this commitment, the plaintiff "would be allowed to withdraw the guilty plea, and proceed to a Jury Trial."

---

[3]All emphasis is from the complaint.

The plaintiff's complaint recites the following allegations:[4]

> However, it wasn't long [after the entry of the guilty plea on or about December 1, 1991], until the said Plaintiff became aware of the nightmare created by Defendant Leonard M. Caputo. Because Rodney C. Strong, Assistant District Attorney General for the Eleventh Judicial District of Tennessee, "*made inquiries to the Board of Parole, citing that he was oppose to Plaintiff Kenneth R. Lewis obtaining Parole.*" Which the first initial contact was made by a letter dated February 17, 1993.
>
> Plaintiff Kenneth Lewis, "*immediately contacted*", Defendant Leonard M. Caputo, on or about March 15, 1993; advising the named Defendant of the problem. Plaintiff Kenneth R. Lewis, sent a photocopy of the letter dated April 17, 1993 to the named Defendant Leonard M. Caputo. Defendant Leonard M. Caputo, inform the said Plaintiff Kenneth R. Lewis, by telephone, that Defendant Caputo, would deal with the matter forthwit without any delays whatsoever. Unfortunately Defendant Leonard M. Caputo's meaning of forthwit and immediately, actual meant several years, or not all.
>
> Plaintiff Kenneth R. Lewis, next step, was to contact a inmate John L. Goodwin, III., who is approved by the Tennessee Department of Corrections, to assist prisoners with legal questions. Because, it had become very evident that Defendant Leonard M. Caputo, was slow walking Plaintiff Kenneth R. Lewis, and that the said Plaintiff wasn't sure that he could rely upon the named Defendant Leonard M. Caputo, for anything, even though there was a contract between the parties Inmate legal helper, John L. Goodwin, III., 132793 advised Plaintiff Kenneth R. Lewis, that he should immediately file a Post-Conviction application, with the Hamilton County Criminal Court, entering several grounds including (1) breach of contract, by the Prosecutor and; (2) Defendant Leonard M. Caputo, was ineffective, and; (3) That the Guilty was not voluntarily entered; Which was filed with the Criminal Court of Hamilton County on or about February 18, 1994. Plaintiff Kenneth R. Lewis, contacted Defendant Leonard M. Caputo, and asked the named Defendant to represent the said Plaintiff in this litigation. Defendant Leonard M. Caputo, advised the said Plaintiff that rules of procedures did not allow such, but that Defendant Caputo, would still render assistance as *per contract*.

_____

[4]Again, the emphasis is from the complaint.

-4-

> The Honorable Joseph F. DiRiso, on February 21, 1994 appointed a
> Cynthia A. Lecroy-Schemel, Assistant Public Defender of Hamilton
> County, as the Attorney of Record, to assist Plaintiff Kenneth R.
> Lewis, in this legal endeavor.

The complaint goes on to allege that the plaintiff had hearings before the Parole Board on March 9, 1997, and April 13, 1999. Each time, his parole was opposed by the District Attorney General of Hamilton County; each time, he was denied parole.

Following the factual allegations, the complaint alleges -- under the heading "CAUSE OF ACTION" -- the following, with emphasis again being taken from the complaint:[5]

> Plaintiff Kenneth R. Lewis, contends that Defendant Leonard M.
> Caputo, has "*failed to provide the services and representation agreed
> upon within the contract*," agreed upon by the said Parties. Because,
> the sentence that Plaintiff Lewis did plea guilty to is nothing more
> than a "*death sentence*," because with each passing day there is no
> hope of parole, or release. Plaintiff Lewis, is currently fifty-six (56)
> years of age, and another seventeen (17) years of prison life would
> make Plaintiff Lewis, seventy-three (73). Who health is constantly
> failing with age and cancer problems.

The complaint has a certificate of service signed by the plaintiff that is dated June 24, 1999. The complaint was filed July 23, 1999.

IV.

Tennessee courts must determine the appropriate statute of limitations to apply "according to the gravamen of the complaint rather than its designation as an action for tort or contract." ***Keller v. Colgems-EMI Music, Inc.***, 924 S.W.2d 357, 359 (Tenn.Ct.App. 1996). To determine the gravamen of the complaint, courts "must look to the basis for which damages are sought." ***Id.***

A legal malpractice plaintiff must "prove that the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction...[and] demonstrate a nexus between the negligence and the injury." ***Sanjines v. Ortwein and Associates, P.C.***, 984 S.W.2d 907, 910 (Tenn. 1998).

Under the legal malpractice discovery rule, a cause of action for legal malpractice accrues

---

[5]The allegations shown are the entirety of the material found under the heading "CAUSE OF ACTION."

when (1) the client suffers an actual or legally cognizable injury, and (2) the client knows, or in the exercise of reasonable diligence should know, that the injury was caused by the attorney's negligence. **Carvell v. Bottoms**, 900 S.W.2d 23, 28-30 (Tenn. 1995). With regard to the latter requirement of this rule, a plaintiff need not "actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action'; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." **Id**. at 29 (quoting **Roe v. Jefferson**, 875 S.W.2d 653, 657 (Tenn. 1994)). "A plaintiff cannot be permitted to wait until he knows all of the injurious effects or consequences of an actionable wrong." **Id**. at 27 (quoting **Security Bank & Trust Co. v. Fabricating, Inc.**, 673 S.W.2d 860, 865 (Tenn. 1983)).

Under T.C.A. § 28-3-104(a)(2), an action against attorneys for *malpractice* must be commenced within one year after accrual of the cause of action.

A cause of action for breach of contract accrues when one of the contracting parties "demonstrates a clear, total repudiation of the contract." **Wilkins v. Third Nat'l Bank in Nashville**, 884 S.W.2d 758, 761 (Tenn.Ct.App. 1994). "Thus, the statute of limitations begins to run when a contracting party first knows or should know that the contract will not be performed." **Id**. at 762. Under T.C.A. § 28-3-109(a)(3) (1980), a breach of contract action, if not otherwise expressly provided for, must be brought within six years after accrual of the cause of action.

V.

We must first determine the statute or statutes of limitations applicable to this case. We find that the complaint in this case alleges both a cause of action for legal malpractice and a cause of action for breach of contract.

First, the complaint, liberally construed in the plaintiff's favor, can be fairly read to allege that the plaintiff was injured by accepting the plea agreement in reliance upon the defendant's advice, which advice, according to the plaintiff, was faulty. With this as a basis for the plaintiff's alleged damages, the complaint makes out an allegation of legal malpractice.

Second, the complaint, again being construed liberally in favor of the plaintiff, can be read as indicating that the basis of the plaintiff's damages is the defendant's failure to fulfill his contractual obligations. The complaint essentially alleges that the plaintiff was injured because the defendant breached the contract by failing to represent the plaintiff after he was incarcerated. With this as a basis for the plaintiff's damages, the complaint makes out an allegation of breach of contract. This allegation is not premised on a belief that the defendant failed to adhere to the professional standard of care required of Tennessee attorneys. Therefore, it is not controlled by the statute of limitations found in T.C.A. § 28-3-104(a)(2) governing *malpractice* actions. Rather, it is controlled by the statute of limitations found in T.C.A. § 28-3-109(a)(3), which governs actions for breach of contract not otherwise expressly provided for in the Code. Accordingly, the plaintiff's malpractice claim is subject to a one-year statute of limitations and his breach of contract claim is subject to a six-year statute of limitations.

With respect to the allegation of malpractice, we find and hold that the action is barred by the one-year statute of limitations in T.C.A. § 28-3-104(a)(2). Taking the allegations in the complaint as true, as we must, plaintiff was actually aware that he had suffered an actual or legally cognizable injury as a result of the defendant's negligence at least by February 21, 1994, the date he filed his application for post-conviction relief alleging, in part, ineffective assistance of counsel. Therefore, the malpractice cause of action accrued, at the very latest, on that date and the plaintiff had until a year later to file his claim. As this complaint was not filed until 1999, the malpractice action is clearly time-barred.

With respect to the breach of contract allegation, we find and hold that it, too, was properly dismissed by the trial court.

We find that the defendant had no duty to represent the plaintiff in his post-conviction proceeding. In fact, he was ethically precluded from doing so. One of the allegations in that proceeding is that the defendant's assistance in the underlying litigation was ineffective. An attorney cannot handle a post-conviction matter where his own conduct is an issue. *Cf. **Eskridge v. State**,* 1986 WL 5830, at *2 (Tenn.Crim.App. E.S., filed May 20, 1986). Therefore, we find and hold that the defendant's failure to represent the plaintiff in his post-conviction proceeding did not constitute a breach of contract. However, even if the complaint can be read as properly alleging a breach of contract, the plaintiff was aware of the breach more than six years prior to the filing of the complaint. When the plaintiff first learned, on February 17, 1993, that the District Attorney meant to oppose his parole, the plaintiff "immediately contacted" the defendant in March, 1993, to inform the defendant of the District Attorney's intention. The plaintiff contacted the defendant again in April, 1993. It was during this time that the plaintiff came to believe that the defendant was "slow walking" the plaintiff and that he "wasn't sure that he could rely upon [the defendant], for anything, even though there was a contract between the parties...." Therefore, the complaint suggests that the plaintiff believed, at a point in time more than six years before this suit was filed, that the defendant did not intend to honor his contractual commitments. Therefore, the breach of contract action is time-barred because the action accrued more than six years before the complaint was filed.

We find and hold that the trial court correctly dismissed the plaintiff's complaint.

VI.

The judgment of the trial court is accordingly affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant.