IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 18, 2003

## ROBERT RIGGS v. JAMES W. GREENLEE

**Appeal from the Circuit Court for Sevier County**
**No. 2001-500-I    W. Dale Young, Judge**

---

**No. E2003-00071-COA-R3-CV -  FILED JANUARY 8, 2004**

---

This is a legal malpractice suit by Robert Riggs against James W. Greenlee, who represented him in a criminal case.  Mr. Riggs was convicted of a Class E felony, which carries a sentence range of one to two years.  The Trial Court dismissed the case because Mr. Riggs, who it appears is still incarcerated, failed to appear when the case was set.  We vacate and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Robert Riggs, *Pro Se*, Appellant

James W. Greenlee, *Pro Se*, Appellee

### OPINION

After the complaint was filed Mr. Greenlee filed a motion for summary judgment, supported by his own affidavit.  Mr. Riggs responded to the motion with an affidavit of a former criminal attorney who was incarcerated with Mr. Riggs.

Thereafter, Mr. Riggs filed a pleading styled "Motion to hold in abeyance" and cites as authority for his motion the case of *Logan v. Winstead*, 23 S.W.3d 297 (Tenn.  2000).

Mr. Greenlee then withdrew his motion for summary judgment, and thereafter the case was set for trial.  An order of dismissal was entered when Mr. Riggs did not appear.

Because no factual determination was made by the Trial Court and the question presented is one of law, we indulge no presumption relative to Court's determination.  Tenn.R.App.P. 13.

At the outset we conclude that the case should not have been set for trial because the Plaintiff's motion to "hold in abeyance" was still pending.

Our Supreme Court, in *Logan*, supra, which also involved an incarcerated person, addressed the specific question and articulated the rule that should apply (23 S.W.3d at 298):

> This appeal arises from a prisoner's *pro se* action for legal malpractice against the attorney who represented him in criminal court on the charges underlying his sentence. The attorney filed a motion for summary judgment supported by an expert affidavit. The prisoner, relying upon *Whisnant v. Byrd,* 525 S.W.2d 152 (Tenn.1975), filed a motion to hold the proceedings in abeyance until he was released from prison and able to appear in court. The trial court failed to rule on the motion for abeyance. The trial court entered summary judgment in favor of the attorney on the grounds that the prisoner had not offered an expert affidavit to rebut the attorney's proof. The Court of Appeals upheld the judgment. We granted review to determine under what circumstances an incarcerated plaintiff is entitled to have a civil action held in abeyance until he or she is released from custody. We have determined that a plaintiff in prison has no absolute right to have civil proceedings stayed or to be present during civil litigation. Accordingly, we overrule *Whisnant* to the extent that it may be interpreted to stand for that proposition. Instead, we hold that an abeyance should be granted by the trial court only when reasonable under the circumstances, in light of several competing interests. Because the trial court in this case failed to consider Mr. Logan's motion to hold his case in abeyance, we remand this case to the trial court for further proceedings consistent with this opinion.
>
> . . . .
>
> Relying upon *Whisnant v. Byrd,* Mr. Logan argues that the trial court erred by not holding his malpractice action in abeyance until he was released from prison. In *Whisnant* we held:
>
> > [A] prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a qualified and restricted right.
> >
> > * * * *
> >
> > [A]bsent unusual circumstances, prisoners who have filed their civil complaints, unrelated to the legality of their convictions and who have thus protected themselves against the running of any statute of limitations, will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead such matters will be held in abeyance until

-2-

the prisoner shall have been released from prison and is in a position to prepare and present his case.

*Whisnant,* 525 S.W.2d at 153-54. *See also Smith v. Peebles,* 681 S.W.2d 567, 569 (Tenn. Ct. App.1984) (citing *Whisnant* and stating: "In the instant case plaintiff prisoner's 'constitutional right to institute and prosecute a civil action' was effectively denied when the Trial Judge refused a continuance and dismissed plaintiff's complaint for 'failure to prosecute.' ").

Mr. Winstead argues that *Whisnant* and *Smith* apply only to the right of prisoners to appear at the *trial* of their civil suits, but they do not guarantee a right to be present during the disposition of pre-trial matters, nor do they discuss how a trial court should handle pre-trial matters. Contending that a motion for summary judgment is a pre-trial matter, Mr. Winstead argues that Mr. Logan had no right to be present during the trial court's consideration of the motion, and, accordingly, no right to an abeyance of proceedings.

As support for this argument, Mr. Winstead cites *Sanjines v. Ortwein & Assocs.,* 984 S.W.2d 907 (Tenn.1998), in which a *pro se* inmate simultaneously filed a legal malpractice action against his attorney and a post-conviction claim alleging ineffective assistance of counsel. The defendant filed a motion for summary judgment in the civil action, and the plaintiff asked the trial court to stay the malpractice action until the conclusion of the post-conviction proceedings. In deciding that the prisoner was not entitled to a stay of the malpractice suit, this Court observed that:

While the Court in *Whisnant* was concerned with the rights of inmates to file civil complaints, the Court did not hold that a stay is necessary in all civil actions filed by incarcerated persons in order to prevent prejudice to the judicial process. Neither did the Court hold that such persons have a constitutional right to a stay of their civil actions. The Court was concerned only with the rights and qualifications of an inmate to appear in court for trial. *Whisnant* does not discuss how a trial court should handle pre-trial matters such as stays of proceedings in inmate civil actions.

*Sanjines v. Ortwein,* 984 S.W.2d at 910.

While the *Sanjines* case dealt with a plaintiff's filing of simultaneous civil and post-conviction actions, its language makes clear that incarcerated plaintiffs do not have a constitutional right to a stay of their civil proceedings. We agree with Mr. Winstead and with our reasoning in *Sanjines* and hold that although

incarcerated plaintiffs have a constitutional right to initiate and prosecute a civil action, they do not retain an absolute right to have civil litigation held in abeyance until they are released from custody, nor do they retain an absolute right to be present at each stage of the proceedings. Accordingly, we overrule *Whisnant* to the extent that it may be interpreted to guarantee incarcerated plaintiffs these absolute rights.

Instead, we hold that the decision of whether or not to stay civil proceedings for a prisoner is left to the discretion of the trial court. Acting on a case-by-case basis, the trial court must weigh the competing interests of the inmate's ability to present proof and the burden on the judicial system and the defendant in continuing the action. In reviewing a trial court's ruling on a motion for abeyance, appellate courts should employ an abuse of discretion standard of review. *See Sanjines v. Ortwein,* 984 S.W.2d at 909.

One of the main factors to be considered by the trial court in considering a motion for abeyance is whether the inmate will be released from prison and able to appear in court within a reasonable amount of time from the filing of the suit. This determination will unmistakably vary from one case to the next. Besides the length of the prisoner's remaining sentence, other countervailing interests should be considered by the court, including the burden on the court in maintaining a docket on which such claims will remain for an extended period, and the inconvenience and impracticability of litigating a suit several years after its filing. Not only will prisoners have a more difficult time presenting proof if their cases are held in abeyance, but defendants have a right to have claims against them timely adjudicated. The longer a suit is held in abeyance, the more difficult it will be to try on its merits. Witnesses may move or pass away, memories will fade, and proof will become harder to obtain. It is in everyone's best interest--the court's, plaintiff's, and defendant's--to require the incarcerated litigant's suit to proceed, when reasonable under the circumstances. However we hasten to add that when a trial court denies a prisoner's request for an abeyance, it should, within its discretion, afford the prisoner sufficient time for filing briefs and motions and for conducting discovery. This is especially true when inmates are proceeding *pro se.* Trial courts should waive the time requirements of the Rules of Civil Procedure and set reasonable time restrictions in such instances.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for proceedings not inconsistent with this opinion.  Costs of appeal are adjudged against James W. Greenlee.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE