# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 9, 2007

## KENNETH B. WHITE v. WILLIAM BACON, M.D., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-3644    Walter Kurtz, Judge**

---

**No. M2005-02295-COA-R3-CV - Filed on April 24, 2007**

---

Inmate filed medical malpractice action against hospital for the allegedly negligent performance of his surgery and the failure to order appropriate post-operative treatment instructions. Hospital filed motion for summary judgment, alleging that it was an improper party to the suit because it was not a legal entity capable of being sued. The trial court granted the motion and inmate appeals. We affirm the decision of the trial court, finding that (1) hospital is not a legal entity capable of being sued; and (2) the trial court did not abuse its discretion by allowing hospital to reset its motion for summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Kenneth B. White, Memphis, Tennessee, *Pro Se*.

Nashville Metropolitan General Hospital, Appellee, not represented on appeal.

### MEMORANDUM OPINION[1]

On December 22, 2001, Mr. Kenneth White, an inmate confined at the South Central Correctional Facility in Clifton, Tennessee, slipped and fell in the common area of his living unit, fracturing his left femur. Mr. White was thereafter brought to the emergency room at Metropolitan Nashville General Hospital (the Hospital), where he was treated by Dr. William Bacon, an

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

orthopedic surgeon. On December 24, 2001, Dr. Bacon performed surgery to correct Mr. White's fracture. Mr. White was later transferred to a special needs facility and ultimately back to his correctional facility, where he was under the care of medical personnel.

Mr. White complained of continued pain in his left leg, therefore another x-ray was ordered on March 6, 2002. The x-ray revealed that Mr. White's surgery had been unsuccessful. A remedial surgery was performed by another surgeon on April 7, 2002. On December 20, 2002, Mr. White filed a medical malpractice action against various persons and entities, including the Hospital and its employees, alleging medical negligence in the performance of his first surgery as well as a failure to order appropriate post-operative treatment.

On March 12, 2003, the Hospital filed a motion for summary judgment; however, the hearing was stayed, along with all dispositive motions filed by other Defendants, until Mr. White's medical records could be provided to the trial court. On March 17, 2003, the Hospital filed a notice of indefinite continuance in accordance with the court's order of stay. After the case was transferred from the Eighth Circuit to the Fifth Circuit, the court entered an order on January 28, 2004, lifting the stay and requiring that all dispositive motions be reset within forty-five (45) days. The Hospital failed to do so, but upon discovering its error over a year later, moved the court to allow a resetting of its motion. The court thereafter granted leave to reset, and the Hospital reset its summary judgment motion for August 12, 2005.[2] The trial court granted the Hospital's motion for summary judgment on August 24, 2005. Mr. White appeals.

In reviewing a motion for summary judgment, the Court must examine the evidence and all reasonable inferences from the evidence in the light most favorable to the non-moving party. *Kelley v. Middle Tenn. Emergency Physicians, P.C.*, 133 S.W.3d 587, 591 (Tenn.2004). The Court reviews the record *de novo* with no presumption of correctness below. *Kelley*, 133 S.W.3d at 591. Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and that judgment may be rendered as a matter of law. Tenn.R.Civ.P. 56.04.

The Hospital based its motion for summary judgment on the grounds that it is an improper party to the suit because it is not a legal entity capable of being sued. Instead, the Hospital asserts that Mr. White should have sued the operator of the Hospital, the Metropolitan Hospital Authority. Pursuant to Tennessee Code Annotated section 7-57-201, ownership of the Hospital was transferred from the Metropolitan Government to the Metropolitan Hospital Authority in March 1999. The employees working at the Hospital at the time of the alleged negligence, are and were employees of the Metropolitan Hospital Authority, not the Hospital or the Metropolitan Government, pursuant to an intergovernmental agreement between the Metropolitan Government and the Metropolitan Hospital Authority. *See* Tenn.Code Ann. § 7-57-301(10). Despite being served with the Hospital's motion for summary judgment in March 2003, Mr. White never amended his complaint to substitute

---

[2]We would note that all other Defendants in this case have been dismissed, including the Hospital's employee, Dr. Bacon, upon whom Mr. White bases the Hospital's vicarious liability.

the Metropolitan Hospital Authority for the Hospital. Because the Hospital is not a legal entity subject to suit, we find that summary judgment in favor of Metropolitan Nashville General Hospital was proper. *See Butler v. Madison County Jail*, 109 S.W.3d 360, 369 (Tenn.Ct.App.2002).

We would also note that Mr. White failed to address the substance of the Hospital's argument or the Hospital's statement of undisputed facts in his response to the Hospital's motion for summary judgment. Tennessee Rule of Civil Procedure 56.03 requires that:

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be support by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

The purpose of this requirement is to "assist the Court in focusing on the crucial portions of the record" so that the court may determine whether there is a genuine issue of material fact requiring a trial on the merits. *See* Advisory Committee Comment to Tenn.R.Civ.P. 56.03. Instead, Mr. White attacks the Hospital's admitted procedural failure to reset the motion within forty-five (45) days of the court's January 28, 2004, order, arguing that the Hospital's motion must therefore be automatically denied.

The decision to grant or deny a motion which continues and resets a motion or hearing is within the trial court's discretion. *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn.1998). "An appellate court cannot interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice." *Sanjines*, 984 S.W.2d at 909. Under the abuse of discretion standard, the trial court's determination "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn.2000). We believe that the trial court was well within its discretion in allowing the Hospital to continue and reset its motion for summary judgment.

The decision of the trial court is affirmed. The costs of appeal are assessed against Appellant, Mr. White.

_____
WILLIAM B. CAIN, JUDGE

-3-