# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 24, 2011

## FREDDIE DAVIS v. SHELBY COUNTY GOVERNMENT

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006171-06      Robert L. Childers, Judge**

---

**No. W2011-00183-COA-R3-CV - Filed July 29, 2011**

---

This is a negligence action. Plaintiff/Appellant asserts that Defendant/Appellee is liable for personal injuries he allegedly sustained when he fell while walking down the steps at the Shelby County courthouse. Due to Appellant's incarceration, the trial court granted three continuances; however, Appellant's request for a fourth continuance was denied. Following a hearing, the trial court found that Appellant had failed to meet his burden to show negligence on the part of the Appellee, and further concluded that, if there was negligence in the case, Appellant was at least fifty percent at fault so as to bar recovery. Appellant appeals both the denial of his fourth motion for a continuance and the trial court's ruling in favor of Appellee. Finding no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Scottie Wilkes, Memphis, Tennessee, for the appellant, Freddie Davis.

Samuel J. Muldavin, Memphis, Tennessee, for the appellee, Shelby County Government.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited

(continued...)

## Background Facts & Procedure

Plaintiff-Appellant, Freddie Davis, filed a complaint against Defendant-Appellee, Shelby County Government (the "County"), on November 28, 2006, seeking damages after he slipped and fell on the steps of the Shelby County courthouse. The complaint, filed *pro se* on a pauper's oath, alleged that Mr. Davis's fall and resulting injury were caused by a variation in the height of the courthouse steps.

While this case was pending, Mr. Davis was incarcerated on an unrelated matter. He remained incarcerated from June 26, 2007, until August 26, 2009, necessitating several continuances of the instant case. On March 18, 2009, the trial court granted Mr. Davis's first motion for continuance due to his incarceration and set a status conference for August 12, 2009. When Mr. Davis remained incarcerated on that date, the trial court granted him a second continuance by order entered September 15, 2009. On November 4, 2009, after Mr. Davis was released from prison, the trial court granted him a third continuance, this time in order to retain counsel.

On March 12, 2010, Mr. Davis's counsel entered an appearance. The matter was set for trial on July 8, 2010. The County's counsel received a report from Mr. Davis's expert on June 16, 2010. According to the County, this was Mr. Davis's first submission of an expert report in response to an April 2007 interrogatory. Consequently, on June 21, 2010, the County requested a continuance in order to depose Mr. Davis's expert and to retain an expert of its own. The court granted the County's motion, and a trial date was set for November 29, 2010.

Mr. Davis requested a fourth continuance on November 22, 2010, one week before the case was set to be tried. Specifically, Mr. Davis requested a thirty-day continuance to allow him to take a medical deposition. After hearing arguments from both sides, the trial court denied Mr. Davis's motion for a continuance.

The case proceeded to trial on November 29, 2010. After hearing the evidence, the trial court rendered its decision from the bench. By judgment entered on December 7, 2010, the trial court ruled in favor of the County. Specifically, the trial court held that, although the County had a duty to exercise ordinary care, Mr. Davis failed to establish that an unsafe condition existed. Specifically, while Mr. Davis's expert testified that there were some steps of varying heights, the trial court noted that there was no testimony, either from Mr. Davis

---

[1](...continued)
or relied on for any reason in any unrelated case.

or his expert, that Mr. Davis stumbled on the shorter steps. Thus, the trial court held that Mr. Davis had failed to prove the County's negligence. The trial court further noted that, even if the County had been negligent, Mr. Davis was at least fifty percent at fault due to his own inattention while walking down the steps.

Mr. Davis timely appealed on January 5, 2011. On April 8, 2011, Mr. Davis filed his brief in this matter along with a motion seeking to supplement the appellate record with a statement of the evidence or, alternatively, to compel the County to file the trial transcript. Mr. Davis argued that he was unable to afford the cost of providing a transcript on appeal. By Order entered May 6, 2011, this Court denied Mr. Davis's motion for failure to comply with Rule 22 of the Tennessee Rules of Appellate Procedure.[2] In denying the motion, we noted that Rule 24 of the Tennessee Rules of Appellate Procedure, which governs the content and preparation of the appellate record, does not provide a means for compelling an appellee to file a trial transcript even in cases where the appellant is indigent. This Court also specifically stated that Mr. Davis was not prevented from filing another motion that fully complied with Rule 22. Although nothing in our Order prevented Mr. Davis from submitting a statement of the evidence, he did not file a statement of the evidence. Consequently, the appellate record contains neither a trial transcript, nor a statement of evidence.[3]

Mr. Davis raises the following issues on appeal, as restated from his brief: (1) whether the trial court erred in denying his request for a continuance for the purpose of taking a medical deposition; and (2) whether the trial court erred in rendering judgment for the County on his negligence claim.

**Analysis**

This case was tried without a jury. Therefore, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13 (d). No presumption of correctness, however, attaches to the trial court's conclusions of law and our review is *de novo*. ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000).

*1. Denial of Mr. Davis's Fourth Motion for Continuance*

---

[2]Specifically, Mr. Davis's motion was not accompanied by a memorandum of law or affidavit and did not specify his efforts to contact adverse counsel or whether there was opposition to his motion. *See* Tenn. R. App. P. 22(a)-(b).

[3]The appellate record does contain transcripts of the November 22, 2010 proceeding in which Mr. Davis's fourth motion for a continuance was argued, as well as the trial court's November 29, 2010 ruling from the bench.

We first address whether the trial court erred in denying Mr. Davis's oral motion for a continuance, which was made on November 22, 2009. Tennessee Code Annotated Section 20-7-101 provides that "[c]ontinuances . . . may always be granted by the court, upon good cause shown, in any stage of the action." The decision whether to grant or deny a request for a continuance is, therefore, a matter within the sound discretion of the trial court. *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn. 1998) (citing *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997)). An appellate court cannot interfere with the trial court's decision unless the court's decision constitutes an abuse of discretion and causes prejudice to the party seeking the continuance. *Sanjines*, 984 S.W.2d at 909. Our Supreme Court has stated that "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott,* 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). This standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). Rather, an abuse of discretion occurs only when the trial court "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

"Decisions regarding continuances are fact-specific" and "motions for a continuance should be viewed in the context of all the circumstances existing when the motion is filed." *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003). Factors relevant to the trial court's decision include: "(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice of the requesting party if the continuance is not granted." *Id.*

Mr. Davis asserts that the trial court erred because it considered only the length of time that the proceeding had been pending. Mr. Davis also argues that he should have been granted the continuance due to his incarceration and indigent status during the pendency of this matter. Finally, Mr. Davis contends that he was prejudiced by the denial of a continuance because he was unable to introduce medical evidence of his injury. Like the trial court, we are not persuaded by these arguments.

While we concede that Mr. Davis's stated reason for requesting a continuance, i.e., to conduct a medical deposition, was facially valid, the trial court was not required to grant a continuance based on that factor alone. *See Blake*, 952 S.W.2d at 415. We have previously stated that "[t]he prime factor in considering a continuance is the age of the cause of action." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Tsesmelys v. Dublin Truck Leasing Corp*., 78 F.R.D. 181, 186 (E. D. Tenn. 1976)). In the instant matter, when

Mr. Davis moved for his fourth continuance, the case had been pending for almost four years. *See, e.g., Blake*, 952 S.W.2d at 415 (finding no abuse of discretion in denying continuance when case was pending for two and a half years); *Nagarajan*, 151 S.W.3d at 172-73 (finding no abuse of discretion in denying continuance when case was pending for three years).

In addition to the length of time the proceeding was pending, the lack of diligence on Mr. Davis's behalf supports the trial court's decision. Mr. Davis did not make his final continuance request until November 22, 2009, seven days before the trial was scheduled to begin. As noted by the trial court, Mr. Davis also failed to timely provide requested medical documents to the opposing party. Further, as stated in Mr. Davis's brief, he did not subpoena the treating physician until one day before the trial was set to begin. Mr. Davis had four years in which to take a medical deposition, however, he did not do so. We are aware that Mr. Davis's incarceration and indigent status may have played some part in delaying this matter. However, he was released from prison in August 2009. The record indicates that, despite his release, Mr. Davis failed to take action to procure a medical deposition before the scheduled hearing.

Finally, the trial court's denial of a continuance did not prejudice Mr. Davis. The medical deposition could have only set forth evidence regarding Mr. Davis's injuries.[4] We note that the trial court determined that Mr. Davis failed to prove the County's negligence in the first instance. Consequently, such a finding rendered moot any issue regarding Mr. Davis's alleged injuries. *See Blake*, 952 S.W.2d at 415; *L&N R.R. Co. v. Voss,* 72 S.W. 983, 985 (Tenn. 1903) ("A party cannot avail himself of an error of the court in refusing to grant his application for a continuance, where he was not prejudiced thereby. . . . The appellate court will not reverse the judgment because of the refusal of the trial court to grant a continuance . . . where it is clearly evident that the testimony of the absent witnesses could not have changed the result") (citation omitted).

In sum, the instant case had been pending for four years, and, during that time, the trial court granted Mr. Davis three continuances. Mr. Davis did not diligently pursue his claim and was not prejudiced by the trial court's denial of his fourth motion for a continuance. From the record before us, we cannot conclude that the trial court abused its discretion in denying Mr. Davis a continuance. Consequently, we affirm the trial court's

---

[4]In his brief, Mr. Davis argues that "the treating physician could have testified [sic] causation." However, although the trial transcript was not included as part of the appellate record, the briefs indicate that a physician did, in fact, testify at the trial, but he did not recognize Mr. Davis or have any recollection of having treated Mr. Davis.

judgment in this respect.

## *2. Judgment In Favor of the County*

Next, we consider whether the trial court erred in rendering judgment in favor of the County. The trial court held that Mr. Davis failed to prove that the County was negligent, and that, even if the County had been negligent, Mr. Davis was more than fifty percent at fault. In this respect, we must conclude that the record on appeal provides an inadequate foundation for appellate review. As noted above, the appellate record contains neither a trial transcript, nor a statement of the evidence.[5] It is the duty of the appellant to prepare a transcript, or in the event a transcript is not available, a statement of the evidence, conveying "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." *See* Tenn. R. App. P. 24(b)-(c). Mr. Davis has failed to provide this Court with a record upon which we can conduct judicial review of the trial proceedings. In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. ***Reinhardt v. Neal***, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Thus, our inquiry into the merits of Mr. Davis's appeal must end here, with appellate review precluded by the failure to produce an adequate record. Based on the record before us, we cannot conclude that the trial court erred in reaching its decision. Consequently, we affirm the trial court's judgment.

**Conclusion**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Freddie Davis, for which execution may issue if necessary.

---

[5]Mr. Davis filed a motion in this Court requesting to supplement the record with a statement of evidence or to compel the County to file a trial transcript. This Court denied Mr. Davis's motion for failure to comply with Rule 22 of the Tennessee Rules of Appellate Procedure and further noted that Rule 24 of the Tennessee Rules of Appellate Procedure does not provide a means for compelling an appellee to file a trial transcript. Nothing in our Order prevented Mr. Davis from refiling a motion that complied with Rule 22 or prevented him from preparing a statement of evidence. Notwithstanding, Mr. Davis did not supplement the record with either a transcript or a statement of the evidence.

_____
J. STEVEN STAFFORD, JUDGE