IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 10, 2009 Session

## RAYMOND CLAY MURRAY, JR. v. JES BEARD

**Appeal from the Circuit Court for Hamilton County**
**No. 04C1490     W. Dale Young, Judge**

---

**No. E2008-02253-COA-R3-CV - FILED JULY 9,  2009**

---

This is the second appeal in a legal malpractice case filed by Raymond Clay Murray, Jr. ("the Client") against Jes Beard ("the Attorney").  In the first appeal, we affirmed the Trial Court's sanction against the Attorney for discovery abuse which prohibited the Attorney from introducing any expert testimony at trial.  However, a majority of this Court reversed the Trial Court's issuance of a default judgment as a further sanction against the Attorney.  We also affirmed the Trial Court's determination that the amount of the Client's damages totaled $16,697.38.  We remanded the case on the sole issue of liability.  On remand, both parties filed motions for summary judgment.  The Trial Court granted the Client's motion for summary judgment and found the Attorney 100% at fault for the Client's damages.  The Trial Court then denied the Attorney's motion for summary judgment, found that motion was filed in violation of Tenn. R. Civ. P. 11, and awarded an additional $1,374.94 in damages.  The Attorney appeals raising several issues.  We affirm the Trial Court's judgment in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Affirmed; Case Remanded**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.


Alan R. Beard and Jes Beard, Chattanooga, Tennessee, for the Appellant, Jes Beard.


John T. Rice, Chattanooga, Tennessee, for the Appellee, Raymond Clayton Murray, Jr.

# OPINION

## Background

This is the second appeal in this legal malpractice case filed by Raymond Clayton Murray, Jr. against Jes Beard. Much of the pertinent information was set forth in our Opinion in the first appeal. We quote liberally from that Opinion[1]:

> The facts pertaining to the underlying case are not in serious dispute. In early 2003, the Client retained the Attorney to represent him in an action to modify his child support obligation. After the Client filed his petition, his former wife, Tina Louise Payne Murray, filed a counterclaim seeking a child support arrearage with interest under the terms of a 1996 court order. Following a trial in the Hamilton County Chancery Court on September 8, 2003, the Chancellor took the matter under advisement.
>
> The parties to the case at bar agree that, following the trial, the Attorney told the Client that he would likely end up paying his former wife between $12,000 and $16,000. With the Client's permission, the Attorney entered into settlement discussions with his former wife's attorney, William H. Horton. On October 9, 2003, the Attorney and Mr. Horton agreed on the details of a settlement agreement. Under the terms of the agreement, the Client was to pay Ms. Murray $8,000 plus another $2,000 to Mr. Horton to cover his attorney's fee. The Client was to be responsible for paying court costs. Although the parties allegedly agreed on the terms of the settlement on October 9, 2003, an agreed order reflecting the settlement was not then entered.
>
> In the meantime, on October 13, 2003, the Chancellor filed a memorandum opinion announcing his decision. The Attorney contacted the Client around 4 p.m. on October 14, 2003, and told the Client, based upon his initial review of part of the opinion, that "it looked like" under the opinion he would have to pay his former wife $15,000. During that same conversation, the Attorney told the Client that he, the Attorney, had not completely read the memorandum opinion.
>
> The following day, Mr. Beard received a letter from Mr. Horton, stating, in pertinent part, as follows:

---

[1] Although some of the footnotes have been omitted, any remaining footnotes contained within the quoted text are in the original.

> Enclosed is an Agreed Order containing the Settlement Offer you accepted on October 9, 2003, as well as a Billing Statement detailing Ms. Burkhart's attorney's fees. If the Order meets your approval, please sign it and return it to us so that we may file it with the Court.
>
> Also, please forward us two (2) checks, one in the amount of $8,000 and one in the amount of $2,000 as provided for in the Settlement and send the check to the Court.
>
> If you have any questions or comments, please do not hesitate to contact me.

The Attorney called the Client to notify him of the agreed order. He directed the Client to deliver the checks to Mr. Horton's office. The Client delivered the checks at approximately 10:30 a.m. on October 15, 2003. At approximately 2 p.m., the Attorney called the Client to advise him that he had reviewed the entire memorandum opinion, and that the Chancellor's ruling was in the Client's favor. The Agreed Order reflecting the settlement was filed with the court the following day. . . .

The Client filed this action for legal malpractice on September 17, 2004, alleging that the Attorney's "failure to review Chancellor Brown's Memorandum Opinion, fully understand its terms and conditions prior to advising [the Client] to making [sic] a settlement, fall [sic] below the applicable standard of care for trial lawyers in Hamilton County." He further alleged that the Attorney's "failure to fully review and comprehend Chancellor Brown's Memorandum Opinion before entering into an Agreed Order settling the issue" also fell below the applicable standard of care. After the Client filed a motion for default, the Attorney filed an answer on November 22, 2004. He denied that he was guilty of negligence in his representation of the Client.

The Client served expert interrogatories upon the Attorney, which he failed to answer. On January 25, 2006, the Client filed a motion to exclude expert testimony pursuant to Tenn. R. Civ. P. 37, claiming the Attorney had failed to timely respond, object to, or request an extension of time to answer the expert interrogatories. The Client requested that the trial court enter an order excluding "any

testimony, reference, or witness, including the defendant, on any expert opinion for the trial of February 3, 2006."[2]

On May 2, 2006, the trial court entered an order setting the case for trial on June 28, 2006. The Attorney filed a motion for summary judgment on May 26, 2006. The trial court denied the motion because it was not filed at least sixty days before the trial as required by Hamilton County Circuit Court Local Rule 7.08.

Following a hearing on the Client's motion to exclude evidence, the trial court ruled that the Attorney could not offer expert testimony at trial. The order entered on this matter states as follows:

> This matter came on to be heard fully and finally on the [27]th day of June 2006 upon [the Client]'s Motion to Exclude Evidence.
>
> The Court having found that [the Attorney] is unwilling or unable to comply by producing responses to Expert Interrogatories, and the Court finding the time for responding has expired and the Court further finding that the continuance of the case from February 3, 2006 to June 28, 2006 and [the Attorney] has still failed to comply, it is therefore
>
> ORDERED that any expert testimony on behalf of [the Attorney] shall be excluded from evidence. . . .

The record indicates that the Client filed an amended motion for Rule 37 sanctions at some time before the trial. That document is not in the record and the date it was heard by the trial court is not identified in the record. However, the record does indicate that the trial court sent a fax to counsel on June 27, 2006, the day before trial, stating that the Client's motion was granted and that the trial would be limited to proof of the Client's damages. Neither the fax nor an order incorporating the court's ruling is in the record.

On the morning of trial, the Attorney filed a motion to reconsider, asking the trial court to set aside the default judgment. After hearing argument, the trial court denied the Attorney's motion to reconsider on the basis that the Rules of Civil Procedure do not authorize the filing of such a motion. The Attorney's counsel then

---

[2] The trial was later continued to June 28, 2006.

-4-

moved to amend the caption of that motion to be identified as a "Motion to Alter or Amend." The court denied this request, stating that the motion was still, in essence, a motion to reconsider. The trial court then reaffirmed its ruling from the previous day limiting the trial to the issue of damages. The court asked the Attorney whether he wanted to (1) empanel a jury to hear the Client's proof of damages, (2) waive the jury and have the court hear the case, or (3) have the court enter an order for the amount of damages sought by the Client without requiring him to present any evidence. The Attorney waived the jury trial, and the Client testified as to the damages he had incurred as a result of the Attorney's conduct. The trial court entered a judgment against the Attorney in the amount of $16,697.38. The Attorney appeals.

*Murray v. Beard*, No. E2006-01661-COA-R3-CV, 2007 WL 2437971, at *1-3 (Tenn. Ct. App. Aug. 29, 2007), *no appl. perm. appeal filed*.

In the first appeal, the Attorney raised three issues. The first issue was whether the Trial Court erred when it dismissed the Attorney's motion for summary judgment because it was not filed within 60 days of trial as required by Rule 7.08 of the local rules of the Hamilton County Circuit Court. *Id*., at *3. We concluded that the Trial Court did not err when it dismissed the motion for summary judgment in accordance with its local rule. *Id*., at *4.

The Attorney's second issue was whether the Trial Court erred when it granted a default judgment on the issue of liability as a sanction pursuant to Tenn. R. Civ. P. 37 after already having granted a sanction precluding him from introducing expert testimony at trial. *Id*., at *3. We concluded that because the Client had failed to establish that the Attorney had engaged in any new sanctionable conduct after the original sanction prohibiting use of expert testimony was meted out, the Trial Court erred when it entered a default judgment. *Id*., at *6-7.[3]

The final issue in the first appeal surrounded the propriety of the $16,697.38 judgment entered against the Attorney by the Trial Court. We addressed this issue as follows:

The parties had a full hearing on the subject of damages. Therefore, the issue of damages is not an open issue on remand. The percentage of these damages to be assessed against the Attorney will

---

[3] The undersigned filed a separate opinion concurring in part and dissenting in part. Specifically, I disagreed with the majority's conclusion on the second issue that the Trial Court erred when it entered the default judgment as to liability.

depend upon the degree of the Attorney's fault as determined by the trier of fact.[4] . . .

The judgment of the trial court is vacated. This matter is remanded for a trial on the issue of liability. On remand, the trial court's ruling prohibiting the Attorney from introducing expert testimony will remain in full force and effect. . . . (footnote in the original).

*Id.*, at *7.

On remand, the Client filed a motion for summary judgment. In support of his motion, the Client attached the expert affidavit of Sandra Bott ("Bott"), who has been licensed to practice law since 1978. Bott stated:

[I]t is my opinion that by failing to read the entire Memorandum Opinion of Chancellor Brown in the underlying case and by directing his client to settle the case prior to reading the Chancellor's opinion, the Defendant failed to conform to the standard of care applicable to trial lawyers in the State of Tennessee. . . . [I]t is apparent that had the defendant read the entire Opinion he would have discovered that his client had no obligation to pay any monies to his former wife. The Defendant's failure to read the Memorandum Opinion in its entirety was the proximate cause of the Plaintiff's damages.

The Attorney also filed a motion for summary judgment. The Attorney claimed that even if the facts as set forth in the Client's motion for summary judgment were true, the Client nevertheless had no basis for recovery "because the case had been settled prior to the events allegedly giving rise to the malpractice." The Client then filed a motion for sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. The Client claimed that the Attorney's motion for summary judgment exceeded the scope of this Court's remand and violated Rule 11 of the Tennessee Rules of Civil Procedure.[5]

---

[4]Obviously, if comparative fault is not an issue on remand, the Attorney will be liable for all of the damages, assuming his liability is shown by a preponderance of the evidence.

[5] Although the motion for sanctions does not expressly state whether the Client complied with the twenty-one day safe harbor rule found in Rule 11, counsel for the Client affirmatively represented at oral argument before the Trial Court that he had complied with the safe harbor rule. The Attorney did not challenge this representation at the hearing. In his brief on appeal, the Attorney states that the Client did not prove that he complied with the safe harbor rule. The Attorney does not, however, actually deny that the Client complied with the safe harbor rule. Because the Attorney did not and does not actually deny either at the trial court level or on appeal that the safe harbor rule had been complied with, we consider this issue waived.

A hearing on the competing motions for summary judgment was conducted on December 17, 2007. At the hearing, the Attorney's lead counsel was not present and the Attorney requested a continuance. The Attorney made this request even though the Attorney was the only signatory to his motion for summary judgment. In other words, the Attorney's lead counsel did not sign the Attorney's motion for summary judgment. The Trial Court denied the request for a continuance. During oral argument, counsel for the Client informed the Trial Court that he never received the Attorney's response to the Client's motion for summary judgment or the response to the Client's statement of undisputed material facts.[6] The Trial Court stated that it believed the Client's attorney that neither of the responses had been received. The Trial Court then stated:

> Accordingly, the Court most respectfully dismisses . . . the Defendant's motion for summary judgment. And the Court finds that the Defendant's Motion for Summary Judgment is frivolous.

The Trial Court then granted the Client's motion for summary judgment and found the Attorney 100% liable for the Client's damages.[7] The Trial Court also granted the Client's motion for Rule 11 sanctions. In addition to the original judgment of $16,697.38, the Trial Court awarded the Client a judgment totaling $1,374.94 for Rule 11 sanctions, which represented attorney fees and costs incurred by Client in responding to the Attorney's motion for summary judgment. After his motion to reconsider was denied, the Attorney filed this appeal raising four issues, which we quote:

#1.   The Trial Court abused its discretion in denying the Appellant's Request for continuance when Appellant's counsel failed to appeal to argue the Motion for Summary Judgement.

#2    The Trial Court erred in granting the Appellee's Motion for Summary Judgement when documents relied on by the Appellee's expert in forming her opinions were not attached to her affidavit in support of the Motion for Summary Judgement as required under Tennessee Rules of Civil Procedure Rule 56.06.

#3    The Trial Court abused its discretion in refusing to consider the Appellant's Motion for Summary Judgement or his response to the Appellee's Motion for Summary Judgment.

---

[6] The Certificate of Service on the Attorney's response to the motion for summary judgment and the response to the statement of undisputed material facts were not signed.

[7] Even though the final judgment did not provide a specific dollar amount of the judgment, in light of our previous Opinion it did not need to because we ruled that there had been a full hearing on damages which the Trial Court found totaled $16,697.38. As quoted previously, we stated that the only remaining issue on remand was the degree of the Attorney's fault, if any.

#4      The Trial Court abused its discretion in granting Appellee's Rule 11 Motion for Sanctions against the Appellant for Appellant's Motion for Summary Judgement.

## **Discussion**

We first address whether the Trial Court erred when it failed to grant the Attorney's motion for a continuance. In *Sanjines v. Ortwein and Assocs., Inc,*, 984 S.W.2d 907 (Tenn. 1998), our Supreme Court explained that a trial court's decision to grant or deny a request for a continuance is a matter:

> entrusted to the sound discretion of the trial judge. *See Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997). An appellate court cannot interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance. *Id.*; *see also Rachels v. Steele*, 633 S.W.2d 473, 475 (Tenn. App. 1981).

*Sanjines*, 984 S.W.2d at 909.

Our Supreme Court further discussed the abuse of discretion standard in *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001), stating:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge*, 42 S.W.3d at 85.

There were several reasons why the Trial Court refused to grant a continuance. First, the Attorney's lead counsel never apprised the Trial Court that he would be unable to attend the hearing and why he would be absent. More important, however, is the fact that the Attorney's motion for summary judgment was signed only by the Attorney himself. The Attorney was present at the hearing and certainly was able to argue the motion that he had prepared and filed. The Attorney had made the decision to be one of his attorneys of record, and we find no abuse of discretion by the Trial Court when it treated him as such. Based on these facts, we cannot conclude

that the Trial Court in any way abused its discretion when it refused to grant the Attorney's request for a continuance.

The next issue is the Attorney's claim that the Client's motion for summary judgment should have been denied because the "documents relied on by the Appellee's expert in forming her opinions were not attached to her affidavit in support of the Motion for Summary Judgement as required under Tennessee Rules of Civil Procedure Rule 56.06." The documents the Attorney is referring to are the Chancellor's initial memorandum opinion and this Court's first opinion, both of which, obviously, were in the Trial Court's file.

Interestingly, the Attorney filed his own affidavit in response to the Client's motion for summary judgment. In his affidavit, the Attorney refers to these same two documents, but they are not attached to his affidavit either. More importantly, we can find nowhere in the record where the Attorney brings this alleged deficiency to the Trial Court's attention. In his response to the Client's motion for summary judgment, the Attorney makes no mention of the fact that these documents were not attached to Bott's affidavit. Likewise, the Attorney made absolutely no reference to this alleged deficiency at the hearing on the motion for summary judgment. Because this issue was raised for the first time on appeal, we consider it waived. *See Crossley Const. Corp. v. Nat. Fire Ins. Co. of Hartford*, 237 S.W.3d 652, 656 (Tenn. Ct. App. 2007) wherein we stated:

> Except for some limited exceptions not applicable here, we will not consider issues, let alone claims, raised for the first time on appeal. *See City of Cookeville ex rel. Cookeville Reg'l Med. Ctr. v. Humphrey*, 126 S.W.3d 897, 905-06 (Tenn. 2004) (noting the general rule that "questions not raised in the trial court will not be entertained on appeal." (quoting *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983)). . . .

The Attorney's third issue is his claim that the Trial Court abused its discretion in refusing to consider the Attorney's motion for summary judgment or the Attorney's response to the Client's motion for summary judgment. Despite how this issue is phrased by the Attorney, in his brief what the Attorney argues is that the Trial Court erred in denying his motion for summary judgment and granting the Client's motion. In a recent Supreme Court opinion, the Court granted permission to appeal in order "to provide further guidance regarding the application of summary judgment in this State." *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 82 (Tenn. 2008). The Court stated as follows:

> The moving party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party

is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Accordingly, a properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party fails to make this showing, then "the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails." *McCarley*, 960 S.W.2d at 588; *accord Staples*, 15 S.W.3d at 88.

The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *see also McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5. Both methods require something more than an assertion that the nonmoving party has no evidence. *Byrd*, 847 S.W.2d at 215. Similarly, the presentation of evidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient. *McCarley*, 960 S.W.2d at 588. The moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan*, 270 S.W.3d at 5. We have held that to negate an essential element of the claim, the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party. *See Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004). If the moving party is unable to make the required showing, then its motion for summary judgment will fail. *Byrd*, 847 S.W.2d at 215.

If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional

> evidence establishing the existence of a genuine issue
> for trial; or (4) submitting an affidavit explaining the
> necessity for further discovery pursuant to Tenn. R.
> Civ. P., Rule 56.06.
>
> *McCarley*, 960 S.W.2d at 588; *accord Byrd*, 847 S.W.2d at 215 n.6.
> The nonmoving party's evidence must be accepted as true, and any
> doubts concerning the existence of a genuine issue of material fact
> shall be resolved in favor of the nonmoving party. *McCarley*, 960
> S.W.2d at 588. "A disputed fact is material if it must be decided in
> order to resolve the substantive claim or defense at which the motion
> is directed." *Byrd*, 847 S.W.2d at 215. A disputed fact presents a
> genuine issue if "a reasonable jury could legitimately resolve that fact
> in favor of one side or the other." *Id.*
>
> Because the resolution of a motion for summary judgment is
> a matter of law, we review the trial court's judgment de novo with no
> presumption of correctness. *Blair*, 130 S.W.3d at 763. In addition,
> we are required to review the evidence in the light most favorable to
> the nonmoving party and to draw all reasonable inferences favoring
> the nonmoving party. *Staples*, 15 S.W.3d at 89.

*Martin*, 271 S.W.3d at 83-84.

In our first Opinion in this case, we affirmed the Trial Court's sanction prohibiting the Attorney from presenting any testimony from experts. We remanded the case to the Trial Court solely for a determination of the degree, if any, of the Attorney's liability, having found that there had already been a full and fair hearing on damages. On remand, the Client filed the expert affidavit of Bott who stated that the Attorney's conduct fell below the appropriate standard of care and was the proximate cause of the Client's damages. The Attorney did not (and could not) file an affidavit addressing whether his conduct at issue fell below the standard of care. Instead, he filed his own affidavit simply stating that a settlement had been reached prior to the alleged malpractice.[8] The issue of whether or not a settlement had been reached does not directly address the issue of whether the Attorney's conduct fell below the accepted standard of care. Rather, it concerns whether the Client suffered any damages as a result of the malpractice. We, however, had foreclosed the issue of damages in our first Opinion when we stated:

> The parties had a full hearing on the subject of damages.
> Therefore, *the issue of damages is not an open issue on remand.* The
> percentage of these damages to be assessed against the Attorney will

---

[8] No issue is raised as to whether this affidavit simply discussed facts or whether it set forth an expert opinion in violation of the discovery sanction.

> depend upon the degree of the Attorney's fault as determined by the trier of fact.

*Murray*, 2007 WL 2437971, at *7 (emphasis added). In a footnote we went on to explain: "Obviously, *if comparative fault is not an issue on remand, the Attorney will be liable for all of the damages,* assuming his liability is shown by a preponderance of the evidence." *Id.*, at *7 n.5 (emphasis added).

The affidavit filed by the Attorney does not put liability or comparative fault at issue as the affidavit could not be considered as expert testimony and is, therefore, relevant only to the issue of the amount of the damages, an issue conclusively resolved in our first Opinion. The undisputed material facts demonstrate that the Client's motion for summary judgment was properly supported by the expert affidavit of Bott which established that: (1) the Attorney's conduct fell below the appropriate standard of care; and (2) the Attorney's conduct was the proximate cause of the Client's damages. This proof went unchallenged. The Attorney did nothing to place liability or comparative fault at issue. Therefore, per the clear language in our first Opinion, "the Attorney will be liable for all of the damages" because liability has been established by a preponderance of the evidence. *Id.* Accordingly, the Trial Court correctly granted the Client's motion for summary judgment.

The final issue is whether the Trial Court correctly granted the Client's motion for Rule 11 sanctions. Tenn. R. Civ. P. 11.02 provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

If there is a violation of this Rule, a court is authorized to impose sanctions which may include attorney fees and other expenses. *See* Rule 11.03(2).

> This court reviews the trial court's decision to impose sanctions under an abuse of discretion standard, *Andrews v. Bible*, 812 S.W.2d 284 (Tenn. 1991), and the trial judge's decision is entitled to great weight on appeal. *Krug v. Krug*, 838 S.W.2d 197 (Tenn. Ct. App. 1992).

*Stigall v. Lyle*, 119 S.W.3d 701, 706 (Tenn. Ct. App. 2003).

The Trial Court found that the whole purpose of the Attorney's motion for summary judgment was to contest the issue of damages, which, as stated numerous times already, was foreclosed by this Court's first Opinion. Therefore, the Trial Court found that the Attorney's motion for summary judgment was frivolous and filed in violation of Rule 11. We agree that the Attorney's motion for summary judgment did not address the one remaining issue on remand, i.e., the Attorney's liability. Because the Attorney's motion for summary had no reasonable chance of success, we cannot conclude that the finding of a Rule 11 violation was an abuse of discretion, and that finding must be affirmed.[9]

The only issue raised by the Client is a request for attorney fees incurred on appeal. Exercising our discretion, we decline to award any attorney fees incurred on appeal.

### Conclusion

The judgment of the Trial Court is affirmed and this cause is remanded to the Circuit Court for Hamilton County solely for collection of the costs below. Costs on appeal are taxed to the Appellant, Jes Beard, and his surety, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE

---

[9] The Attorney does not challenge the amount of damages awarded under Rule 11.

-13-