IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 11, 2022 Session

# ANTHONY T. GROSE ET AL. v. DAVID KUSTOFF ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001777-17          Robert S. Weiss, Judge**

_____

## No. W2021-00427-COA-R3-CV
_____

In this case involving allegations of attorney misconduct and negligence, the trial court granted summary judgment in favor of the defendant attorneys and their respective firms. The defendants had previously represented the plaintiffs in a wrongful death lawsuit until the defendants withdrew from representation. The trial court determined that the plaintiffs' claims were barred by the applicable statute of limitations and that the plaintiffs had failed to refute the affidavit of one defendant attorney, who opined that the pertinent standard of care had not been breached. The plaintiffs have appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Anthony T. Grose; Corwin Grose; Jefferson Grose, III; Curtis Grose; and Herbert Grose, Memphis, Tennessee; and Lonita Grose Dowdy, North Las Vegas, Nevada, Pro Se.

Brian S. Faughnan, Memphis, Tennessee, for the appellees, David F. Kustoff, Bernie Kustoff, Kustoff & Strickland PLLC, and Law Office of Bernie Kustoff.[1]

---

[1] As explained in a later section of this Opinion, the Shelby County Chancery Court appointed an administrator *ad litem* to represent Bernie Kustoff's estate following his death in 2019. The appellate record does not clearly indicate whether the administrator *ad litem* was substituted as a party defendant for Bernie Kustoff in this matter. Therefore, we have listed Mr. Kustoff individually as an appellee. No disrespect is intended.

**OPINION**

## I. Factual and Procedural Background

This case originated with the filing of individual *pro se* complaints by six siblings in the Shelby County Circuit Court ("trial court"), naming as defendants attorneys David F. Kustoff and Bernie Kustoff as well as their respective law firms, Kustoff & Strickland PLLC and the Law Office of Bernie Kustoff (collectively, "Defendants"). During a previous appeal in this matter, this Court set forth the pertinent facts as follows:

> On April 21, 2017, Plaintiffs/Appellants Anthony T. Grose, Lonita Grose-Dowdy, Herbert Grose, Curtis Grose, Corwin Grose, and Jefferson Grose, III (collectively, "Plaintiffs"), acting pro se, each filed separate, but identical complaints against Defendants/Appellees David Kustoff, Bernie Kustoff, Kustoff & Strickland PLLC, and the Law Office of Bernie Kustoff (collectively, "Defendants"). The complaints were captioned as alleging claims of "Attorney Abandonment, Malpractice, [and] Negligence." The complaints alleged that Defendants were retained by Plaintiffs, who are siblings, to litigate a wrongful death action regarding Plaintiffs' mother. After the filing of the complaint in the wrongful death action, Plaintiffs asserted that Defendants moved to withdraw from the representation without cause, leaving Plaintiffs in a "pro se status, and then failed to provide any guidance to ethically assist [Plaintiffs] in finding alternative means of counsels." The trial court eventually granted Defendants' motion to withdraw from the wrongful death action on April 22, 2016. According to the complaint, the withdrawal violated several ethical rules applicable to attorneys, including the duty of due diligence, causing considerable damage to Plaintiffs.
>
> On June 8, 2017, Defendants filed a motion to consolidate the five pending actions and to transfer all the cases to one trial judge. Plaintiffs each opposed the transfer, but Defendants' motion was granted and all the pending complaints were eventually transferred to Division VII of the Shelby County Circuit Court.
>
> On June 29, 2017, Defendants filed a motion to dismiss the pending actions for failure to state a claim upon which relief can be granted. Specifically, the motion and accompanying memorandum alleged that the claims were barred by the one-year statute of limitations applicable in legal malpractice actions. According to Defendants, the statute of limitations began to run on March 29, 2016, when the motion to withdraw was filed in the wrongful death action, more than one year prior to the filing of the instant lawsuits. Defendants attached to their motion the filed motion to

- 2 -

withdraw from the wrongful death action, which contained a certificate of service indicating that it had been mailed to Plaintiffs on March 29, 2016, as well as the April 22, 2016 order granting the motion to withdraw.

On or about July 31, 2017, each plaintiff filed a motion to amend their complaints to add additional factual averments; the amended complaints were attached to the motions. The motions specifically sought leave of court to file such amendments.

\* \* \*

The amended complaints further alleged that it was wrongful for Defendants to seek to withdraw from the representation for "no apparent reasonings(s)" after they had "gained pertinent offensive relevant evidentiary material facts as to the causes, theories being pursued to an investigation" in the wrongful death action. According to Plaintiffs, this action "caused justice delayed" including emotional distress to Plaintiffs. As the amended complaints alleged "if the Defendants had handled the case correctly, competent without, abandonment, [Plaintiffs] would have been successful in relief" in the wrongful death action and that "Defendants pre-withdraw intent failed to meet discovery deadlines set by the court that, place Plaintiffs in an unwarranted, awkward position, pro se status position to have their case being subjected to the court's [d]ismiss[al] for failure to prosecute[ ] or co[o]perate in good faith. This cause[d] [P]laintiffs irritable harm." In support, Plaintiffs noted that a motion to compel, as well as a motion to dismiss had been granted in the wrongful death action. Plaintiffs further asserted that following the withdrawal, Defendants wrongfully withheld the discovery file from Plaintiffs.

Hearings on the motion to dismiss in the instant case were held on August 18 and 23, 2017. Following the hearings, on or about September 6, 2017, each plaintiff filed a response in opposition to Defendants' motion to dismiss. On the same day, the trial court entered an order granting Defendants' motion to dismiss. Therein, the trial court ruled that Plaintiffs were on notice of their alleged injury by Defendants as soon as they received the motion to withdraw filed in the wrongful death action. According to the trial court, "[b]ased upon the assertion in the Complaint that the Defendants abandoned the Plaintiff's [sic] case, the Plaintiff's [sic] knew or should have known that once they received the Motion to Withdraw that no further actions would be taken on their case." As such, the trial court dismissed Plaintiffs' claims. Plaintiffs filed timely notices of appeal.

- 3 -

Following the entry of the trial court's order, however, it was discovered that the docket number concerning Plaintiff Jefferson Grose, III, was not included in the final order. Consequently, no final order had been entered as to Jefferson Grose. Jefferson Grose therefore asked that his appeal be dismissed as premature; the motion was granted by this Court by order of November 27, 2017. Upon remand, Defendants filed a motion to correct a clerical error in the trial court to reflect that the judgment of dismissal applied to Jefferson Grose. For his part, Jefferson Grose filed a second motion for leave of court to file an amended complaint. Eventually, the trial court entered an order on January 9, 2018, correcting the prior order of dismissal to apply to the claims raised by Jefferson Grose, as well as denying the second motion to file an amended complaint as moot. Jefferson Grose thereafter again appealed, and his appeal was consolidated with that of his siblings.

*Grose v. Kustoff*, No. W2017-01984-COA-R3-CV, 2019 WL 244469, at *1 (Tenn. Ct. App. Jan. 17, 2019) ("*Grose I*") (footnotes omitted).

The *Grose I* Court ultimately determined that the trial court had erred by granting Defendants' motion to dismiss without fully considering the pending motions to amend the complaints filed by Anthony Grose ("Mr. Grose") and his siblings (collectively, "Plaintiffs") or providing reasons for its denial of the motions to amend. *See id*. at *6. The *Grose I* Court accordingly vacated the trial court's judgment of dismissal and remanded the case for further proceedings. *Id*.

Following remand, Plaintiffs filed motions seeking to stay the proceedings pending an outcome in the underlying wrongful death litigation. Plaintiffs also filed further motions seeking to amend their complaints. On July 31, 2019, Defendants filed a suggestion of death stating that Bernie Kustoff had passed away on July 19, 2019. Plaintiffs subsequently filed a motion asking the court to substitute David Kustoff or his counsel as a party defendant in place of Bernie Kustoff.

On August 23, 2019, Plaintiffs filed a "consolidated" proposed amendment to their complaints, appearing to add claims of fraud and "deceit." Plaintiffs also attempted to add Jim Strickland as a party defendant. On September 3, 2019, the trial court entered an order granting Plaintiffs' motion to amend but denying the motion to add Mr. Strickland as a defendant. Plaintiffs were ordered to file their amended complaints, naming the Estate of Bernie Kustoff as the proper party defendant, within thirty days of the order's entry.

Plaintiffs subsequently filed motions seeking to substitute other named defendants or their counsel in place of Bernie Kustoff and seeking an extension of time to file their amended complaint. Defendants opposed both motions, arguing that Plaintiffs had

- 4 -

enjoyed ample time within which to file an amended complaint and that Plaintiffs had also had sufficient time to pursue the proper procedure for substituting a party in place of Mr. Kustoff.

On October 30, 2019, Plaintiffs filed individual amended complaints, each naming the Estate of Bernie Kustoff as an additional party defendant. Defendants subsequently filed an answer to the amended complaints, denying liability and asserting the affirmative defenses of, *inter alia*, expiration of the statute of limitations, unclean hands, and lack of damages. Plaintiffs filed various "exhibits" with the court, including a copy of a consent order entered by the Shelby County Chancery Court appointing attorney Stephen Vescovo as administrator *ad litem* for the Estate of Bernie Kustoff.

On August 24, 2020, Defendants filed a motion for summary judgment, asserting that there were no genuine issues of material fact and that Defendants were entitled to judgment as a matter of law. In their motion, Defendants stated in pertinent part:

> The record in this matter demonstrates four undisputed aspects of this matter that combine to require judgment for Defendants as a matter of law. First, well more than one year before filing this lawsuit, Plaintiffs communicated in writing to Defendants about differences of opinion and disagreements with how the Defendants viewed and were handling their case prior to Defendants moving for a court order allowing their withdrawal as counsel. Second, the record demonstrates that Defendants' motion for leave to withdraw itself was filed and served on Plaintiffs more than one year before Plaintiffs filed these lawsuits. Third, the record demonstrates that, despite the motion being opposed by Plaintiffs, Defendants were granted leave of Court to withdraw as counsel for Plaintiffs, and that Plaintiffs did not file any appeal of that order. Fourth, the record also demonstrates that, after being granted leave to withdraw, Defendants provided a copy of the entire file thereafter on request to Plaintiff Lonita Grose-Dowdy and then provided a subset of that file — certain discovery materials — to Plaintiff Jefferson Grose, III. In addition, the record also demonstrates an overall entitlement to judgment as a matter of law for Defendants because Plaintiffs have not come forward with any expert testimony to support any claim for legal malpractice against David Kustoff.

In support of their summary judgment motion, Defendants filed a declaration of David Kustoff, wherein he stated that he and his late father, Bernie Kustoff, had agreed to represent Plaintiffs "in pursuing a wrongful death lawsuit over the passing of their mother in an accident that occurred on July 18, 2015." David Kustoff related that he and his father had entered into a contingency fee agreement with Plaintiffs, a copy of which he attached to his declaration. He further explained that during his representation, Plaintiffs

began to express misgivings concerning the manner the case was being handled, such that he and his father felt they had no choice but to seek withdrawal from the case.

According to David Kustoff, he and his father communicated their decision to withdraw to Jefferson Grose, III, via telephone before filing their motion to withdraw on March 29, 2016. He further stated that on April 1, 2016, he sent a letter via certified mail to Plaintiffs, "spell[ing] out the reasons we were ending the relationship," and he subsequently provided copies of the file to Jefferson Grose, III, and Lonita Grose-Dowdy. David Kustoff attached copies of the signed contingency fee agreement with Plaintiffs; copies of correspondence he sent to Plaintiffs; and copies of correspondence he received from Plaintiffs, including a March 30, 2016 letter from Jefferson Grose, III, and Lonita Grose-Dowdy, "acknowledge[ing] verbal receipt that [David Kustoff and his firm] will no longer be representing Lonita Grose-Dowdy and Jefferson Grose III, Co-Admin of the Estate of Lucille Grose, Deceased in the lawsuits filed in DIV. VII, against State Farm, Charles Stone, and Wrongful Death." David Kustoff further opined that he and his late father had complied with the applicable standard of care at all times. Defendants concomitantly filed a statement of undisputed material facts.

On September 8, 2020, certain Plaintiffs filed separate objections to Defendants' motion for summary judgment along with statements of disputed facts. Certain Plaintiffs also referenced cross-motions for summary judgment, although such cross-motions do not appear in the appellate record. Defendants filed a response, asserting that they had not been served with cross-motions for summary judgment. Plaintiffs subsequently filed motions seeking to have the summary judgment motion hearing reset. The motion hearing was thereafter reset to January 22, 2021.

On January 15, 2021, Plaintiffs filed a motion seeking to have the summary judgment motion hearing reset and also requesting to have "unresolved pending motions and issues" heard prior to the summary judgment hearing. On January 20, 2021, Plaintiffs filed a motion to "strike" the hearing on January 22, 2021. On February 9, 2021, Plaintiffs filed a motion for "reconsideration and motion for relief from a pending judgment of order of pending orders of the court's decision of a hearing conducted on 01-22-2021 9:00 AM pursuant to Rule 7, 4 and Rule 60(B)." Plaintiffs also filed an affidavit from Lonita Grose-Dowdy stating that although she did receive mailings from Defendants' counsel on January 8 and 16, 2021, notifying her of the summary judgment hearing date, she was not provided with two weeks' notice before the hearing.

On March 22, 2021, the trial court entered an order concerning Defendants' motion for summary judgment. The court found that Defendants had previously represented Plaintiffs in a wrongful death lawsuit on a contingency fee basis. The court also found that on March 17, 2016, "Plaintiffs sent a letter to David Kustoff stating they were requesting a 'Letter of Release' stating Mr. Kustoff would not be representing the Grose family 'in any Legal Action Claim against the MPD/City of Memphis, Due to

Conflict of Interest.'" Plaintiffs' letter provided a March 29, 2016 deadline for the "release." The court further determined that Plaintiffs had communicated to Defendants "Plaintiffs' desire to add conspiracy theory claims to the wrongful death claims, which Defendants believed were without merit and declined to pursue."

According to the trial court's findings, on "March 29, 2016, the Defendants filed their Motion for Leave to Withdraw from the wrongful death litigation and informed the Plaintiff, Jefferson Grose, III of their decision via telephone." The court found that Plaintiffs sent a letter to Defendants on March 30, 2016, acknowledging the end of the attorney-client relationship. The court further found that Plaintiffs were served with the motion seeking withdrawal on April 1 or 2, 2016. Defendants were granted leave to withdraw by court order entered April 22, 2016, and Plaintiffs filed the instant lawsuit on April 21, 2017.

The trial court concluded that Plaintiffs' claims concerning conduct occurring before April 22, 2016, were barred by the one-year statute of limitations contained in Tennessee Code Annotated § 28-3-104. The court specifically determined that "[t]he public filing of the motion to withdraw as counsel on March 29, 2016 constitutes at least a slight inquiry to the attorney-client relationship, and the action is transparent in terms of providing obvious knowledge of the lawyers' own role in such conduct." The court further concluded that conduct occurring after April 22, 2016, could not form a basis for a claim of legal malpractice because the attorney-client relationship had ended by that time.

The trial court further determined that although David Kustoff had filed a declaration opining that he and his father had complied with the applicable standard of care at all times during their representation of Plaintiffs, Plaintiffs had failed to provide any expert testimony demonstrating a departure from the standard of care. As such, the court concluded that Plaintiffs had failed to demonstrate breach of duty or proximate cause. The court therefore granted summary judgment in favor of Defendants and denied all other pending motions.

On April 6, 2021, Plaintiffs filed "objections" and a "response" to the trial court's order. Mr. Grose filed a notice of appeal on April 21, 2021, purportedly on behalf of all Plaintiffs.

On April 7, 2022, this Court entered an order remanding the matter to the trial court for the limited purpose of adjudicating Plaintiffs' claims of fraud and breach of contract, or for certification of the March 22, 2021 order as final pursuant to Tennessee Rule of Civil Procedure 54.02, inasmuch as the trial court's March 22, 2021 order had not specifically addressed those claims. On April 19, 2022, the trial court entered an amended order granting summary judgment in favor of Defendants. In this order, the trial court determined that Plaintiffs' fraud claims had not been pled with specificity and

that Plaintiffs had presented no evidence to support "any claim of fraud against the Defendants with respect to their conduct in the delivery of legal services." The trial court further determined that although Plaintiffs had labeled certain claims as breach of contract, the gravamen of those claims sounded in legal malpractice. The court stated: "Tennessee law is clear that claims against an attorney whether sounding in tort or for breach of contract are properly viewed as legal malpractice." Plaintiffs each timely filed respective notices of appeal following entry of the trial court's final judgment.

## II. Issues Presented

Mr. Grose, the sole appellant filing a brief, presents the following issues for our review, which we have restated slightly:

1. Whether the trial court erred by granting summary judgment in favor of Defendants.

2. Whether the trial court erred by determining that Plaintiffs' claims were barred by the applicable statute of limitations.

3. Whether the trial court erred by disregarding Plaintiffs' cross-motions for summary judgment.

4. Whether the trial court erred by failing to address Plaintiffs' motion to stay the proceedings until the underlying wrongful death lawsuit was resolved.

5. Whether the trial court erred by failing to dispose of Plaintiffs' claims of fraud and breach of contract.

6. Whether the trial court erred in relying on David Kustoff's declaration when granting summary judgment in favor of Defendants.

7. Whether the trial court erred by failing to order the attorneys and unrepresented parties to appear for a pretrial conference.

8. Whether the trial court erred by "failing to engage in the *ad litem* judiciary process . . . for Bernard 'Bernie' Kustoff, deceased Defendant."

9. Whether the trial court erred by declining to allow Plaintiffs to add Jim Strickland as a party defendant.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. "Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness." *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009).

As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment

motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

We recognize that Plaintiffs are *pro se* litigants and respect their decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R. I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App.3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). In addition, this Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to

the pro se litigant's adversary." *Id.* Moreover, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

## IV. Proper Parties on Appeal

As a threshold matter, we note that Mr. Grose has averred in his appellate brief that he is acting on behalf of all Plaintiffs and that he purported to sign the brief as a representative of his siblings. However, as Mr. Grose admits, he is not an attorney licensed to practice law in the State of Tennessee; therefore, he cannot appear or file pleadings on behalf of the other plaintiffs. *See* Tenn. Code Ann. § 23-3-103 (2021) ("No person shall engage in the practice of law . . . unless the person has been duly licensed and while the person's license is in full force and effect[.]"); Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the unauthorized practice of law); *Elm Children's Educ. Tr. v. Wells Fargo Bank*, *N.A.*, 468 S.W.3d 529, 533 (Tenn. Ct. App. 2014) (holding that a non-attorney trustee could not represent the trust in court). As this Court has previously explained:

> Under Tennessee law, any person may conduct and manage his or her own case in any court of this state. Tenn. Code Ann. § 23-1-109. . . . However, the right of self-representation only allows an individual to conduct and manage "the person's *own* case in any court of this state." *See id*. (emphasis added). Accordingly, pro se litigants may not litigate on behalf of another individual.

*Vandergriff v. ParkRidge E. Hosp*., 482 S.W.3d 545, 552 (Tenn. Ct. App. 2015). In accordance with this authority, Mr. Grose cannot represent his siblings in this Court or any court of this State.

We note that Mr. Grose's siblings filed individual notices of appeal in this matter following the trial court's entry of a final judgment. However, they did not file individual appellate briefs raising issues for this Court's review or notices stating that they were adopting Mr. Grose's appellate brief. Accordingly, we will confine our analysis herein to the issues raised by Mr. Grose on his own behalf. The trial court's judgment shall remain undisturbed as to Mr. Grose's siblings, who failed to file briefs raising issues for review or to adopt Mr. Grose's brief. *See In re Conservatorship of Tapp*, No. W2020-00216-COA-R3-CV, 2021 WL 225684, at *6 (Tenn. Ct. App. Jan. 22, 2021) (leaving judgment undisturbed as to parties who did not participate in appeal); *Cordova ex rel. Alfredo C. v. Nashville Ready Mix, Inc*., No. M2018-02002-COA-R3-CV, 2020 WL 2534322, at *5 n.9 (Tenn. Ct. App. May 19, 2020) (leaving judgment undisturbed as to party who did not appeal).

- 11 -

V. Propriety of Grant of Summary Judgment Concerning Legal Malpractice Claims

Several of Mr. Grose's issues presented address the propriety of the trial court's grant of summary judgment in favor of Defendants. We determine one issue to be dispositive, however; namely, whether the trial court erred by granting summary judgment in favor of Defendants while relying on David Kustoff's declaration. We conclude that the trial court did not err and that summary judgment in Defendants' favor was properly granted.

Concerning a motion for summary judgment, Tennessee Rule of Civil Procedure 56.03 provides in pertinent part:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In the case at bar, Defendants filed a motion for summary judgment and properly supported such motion with a statement of undisputed material facts. In support of their summary judgment motion, Defendants also filed David Kustoff's declaration, which stated in pertinent part:

> At all times during the representation of Plaintiffs up until we were permitted to withdraw on April 22, 2016, both I and my father complied with the relevant standard of care required of lawyers in Tennessee. Specifically, at all relevant times from August 1, 2015 until April 22, 2016, I and my late father exercised the degree of care, skill, and diligence commonly possessed by, and exercised by, other attorneys practicing in Tennessee.

Although Mr. Grose filed a response to Defendants' summary judgment motion and statement of undisputed material facts, Mr. Grose did not file any type of expert affidavit or other proof contradicting David Kustoff's declaration that Defendants had complied with the applicable standard of care. As our Supreme Court has instructed:

> "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L. Ed. 2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265. Mr. Grose has failed to do so here.

In his amended complaint, Mr. Grose alleged, *inter alia*, that Defendants had committed legal malpractice in their representation of him concerning the wrongful death action he filed regarding his mother's death. As such, we must review the trial court's grant of summary judgment within the framework of a legal malpractice claim. To establish a *prima facie* cause of action for legal malpractice, the plaintiff has the burden of proving each of the following elements: (1) a duty owed by the lawyer; (2) breach of that duty; (3) damages suffered by the plaintiff; (4) the attorney's breach as the cause in fact of those damages; and (5) the attorney's breach as the proximate, or legal, cause of the plaintiff's damages. *See Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001).

A plaintiff can show breach of the duty owed by an attorney by demonstrating that "the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction." *See Sanjines v. Ortwein and Assocs.*, *P.C.*, 984 S.W.2d 907, 910 (Tenn. 1998). The courts of this state have repeatedly held that except in cases of "clear and palpable" negligence, determining whether an attorney's conduct complies with the applicable standard of care is beyond the common knowledge of lay persons and requires expert proof. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds*, *P.C.*, 813 S.W.2d 400, 406 (Tenn. 1991); *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998); *Hobson v. Frank*, No. M2019-01556-COA-R3-CV, 2020 WL 2989127, at *4 (Tenn. Ct. App. June 4, 2020); *Hasek v. Holt*, No. 03A01-9706-CV-00210, 1998 WL 2505, at *2 (Tenn. Ct. App. Jan. 6, 1998).

Mr. Grose's legal malpractice claim fails because Defendants have negated the second element of such a claim by filing David Kustoff's declaration stating that Defendants had complied with the applicable standard of care at all times during their representation of Mr. Grose. David Kustoff specifically declared that he and Bernie Kustoff had complied with the relevant standard of care "required of lawyers in Tennessee" "[a]t all times during the representation of Plaintiffs up until we were permitted to withdraw on April 22, 2016."[2] Ergo, David Kustoff's affidavit effectively negated an essential element of Mr. Grose's legal malpractice claim, establishing by expert proof that no breach of duty occurred. *See*, *e.g.*, *Lazy Seven Coal Sales,* 813 S.W.2d at 406. As such, Defendants have presented proof at the summary judgment stage sufficient to shift the burden of production to Mr. Grose. *Rye*, 477 S.W.3d at 265.

Following the filing of David Kustoff's affidavit, Mr. Grose filed no attorney affidavits or other expert proof in response to demonstrate that the standard of care had been breached. Mr. Grose also did not assert the existence of "clear and palpable" negligence, and we do not find any evidence that clear and palpable negligence occurred.

We determine that this case is factually similar to a previous legal malpractice matter, *Hobson v. Frank*, 2020 WL 2989127, at *4, wherein this Court explained:

> In support of their motion for summary judgment, Defendants filed affidavits of Defendant Scott Tift, Defendant Joshua Frank, and attorney Jonathan Bobbitt. All three affidavits asserted Defendants met or exceeded the standard of care commonly exercised by attorneys in Tennessee. Each presents specific facts that show Defendants exercised sound professional judgment and reasoning. As a result, we hold that the affidavits submitted by Defendants constitute expert proof that Defendants exercised the required standard of care while representing Plaintiff.

> Plaintiff's response to Defendants' motion for summary judgment lacks expert proof. Plaintiff submitted three affidavits signed by her and an affidavit of Gladys Blount, a witness from her prior case. Despite their familiarity with the facts of this case, neither Ms. Blount nor Plaintiff is an "expert" for the purposes of establishing the required standard of care. "Ordinary laymen (even judges) [can]not say that [an] attorney's conduct fell below" the standard commonly exhibited and exercised by attorneys in Tennessee. *Hutter* [*v. Cohen*], 55 S.W.3d [571,] 575 [(Tenn. Ct. App.

---

[2] As our Supreme Court explained in *Chapman v. Bearfield*, 207 S.W.3d 736, 741 (Tenn. 2006): "A single, statewide professional standard of care exists for attorneys practicing law in Tennessee. Therefore, experts testifying in legal malpractice cases in Tennessee must be familiar with the professional standard of care for the entire state."

- 14 -

2001)] (quoting *Allen v. Wiseman*, No. 01-A-01-9710-CV-00565, 1998 WL 391803, at *3 (Tenn. Ct. App. July 15, 1998)).

The facts of *Hutter v. Cohen* are similar to this case. In *Hutter*, the plaintiff attended law school but did not graduate. *Id*. at 573. Although the plaintiff did not practice law, he asserted he was familiar with the standard of care required of attorneys in Tennessee and submitted his own affidavit in response to a motion for summary judgment. *Id*. Despite any familiarity Mr. Hutter may have had with the legal system, the court found he lacked the appropriate expert proof to establish the defendants breached the standard of care owed. *Id*. at 575. The holding in *Hutter* is consistent with other cases where a layperson's affidavit fails to establish expert proof. Similarly, even though Plaintiff is an experienced pro se litigant, her affidavits do not qualify as expert proof. Ms. Blount's affidavit also fails to qualify as expert proof in this matter.

As we have previously stated, this case is not appropriate for lay testimony on whether Defendants breached the standard of care owed. Defendants' affidavits and the affidavit of Mr. Bobbitt sufficiently establish expert proof that Defendants exercised the standard of care commonly possessed and exercised by attorneys in Tennessee. As a result, Defendants have negated an essential element of Plaintiff's legal malpractice claim. In response, Plaintiff has not presented expert proof to reestablish her claim. Therefore, we affirm the trial court's grant of summary judgment in favor of Defendants.

(Footnote and other internal citations omitted). Similarly, here, inasmuch as Defendants have negated an essential element of Mr. Grose's claim by virtue of David Kustoff's affidavit, and Mr. Grose has failed to come forward with expert proof concerning the standard of care in order to re-establish his claim, summary judgment was proper.

Mr. Grose argues that the trial court erred by relying on David Kustoff's affidavit to support its grant of summary judgment in favor of Defendants. However, as this Court has previously elucidated in a legal malpractice action, "[a]s a licensed attorney practicing in [Tennessee], [the defendant was] qualified as an expert to attest to the standard of care required of attorneys in his position[.]" *Glass v. Underwood*, No. E2004-02871-COA-R3-CV, 2005 WL 1669893, at *4 (Tenn. Ct. App. July 18, 2005) (determining that the defendant attorney had negated the element of breach of duty solely by filing the attorney's own affidavit stating that he had complied with the standard of care). *See Elaster v. Massey*, No. E2017-00020-COA-R3-CV, 2018 WL 1040112, at *5 (Tenn. Ct. App. Feb. 22, 2018) (determining that summary judgment was properly granted based on affidavits from the defendant attorneys stating that they had not violated the standard of care where the plaintiff produced no countervailing expert proof). As a

practicing attorney, David Kustoff was qualified to attest to the standard of care in this action. This issue is without merit.

In addition, Mr. Grose appears to argue that the trial court should have considered a pleading filed in the wrongful death action by counsel for the insurance company concerning overdue discovery responses as evidence of Defendants' negligence. However, this pleading does not constitute sufficient proof because it does not contain an opinion from a legal expert that Defendants' conduct fell below the applicable standard of care in their representation of Mr. Grose. This argument is likewise unavailing.

In the instant action, Defendants negated an essential element of Mr. Grose's legal malpractice claim by presenting expert proof that no breach of duty occurred. In response, Mr. Grose failed to present expert proof to establish his claim. We accordingly affirm the trial court's grant of summary judgment in favor of Defendants concerning Mr. Grose's legal malpractice claims on the basis of Mr. Grose's failure to present expert proof of breach of duty. We also determine Mr. Grose's issue concerning whether his legal malpractice claims were barred by the statute of limitations to be pretermitted as moot.

Mr. Grose further argues that the trial court erred by disregarding his cross-motion for summary judgment. We reiterate, however, that no such cross-motion appears in the appellate record, and Mr. Grose has failed to provide a citation to the record demonstrating such filing. We also note that Defendants pointed out that no such cross-motion had been filed or served in a pleading they filed with the trial court on October 20, 2020, yet Mr. Grose still failed to file his motion. As such, we conclude that the trial court could not "disregard" a pleading that was never properly filed. This issue is without merit.

## VI. Motion to Stay

Mr. Grose posits that the trial court erred by failing to address his motion seeking to stay the proceedings in this matter pending resolution of the underlying wrongful death action. The record demonstrates that Mr. Grose filed his motion seeking to stay the proceedings on July 19, 2019. Although the trial court did not enter a specific order relative to the motion to stay, the trial court acknowledged in its March 22, 2021 order granting summary judgment that the motion to stay was before the court, and it concluded its order by stating that "all Motions or Petitions not heretofore granted or denied are denied."

Moreover, with respect to such motions, our Supreme Court has explained that

> questions of stay or continuance are matters entrusted to the sound discretion of the trial judge. *See Blake v. Plus Mark, Inc.*, 952 S.W.2d 413,

415 (Tenn. 1997). An appellate court cannot interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance. *Id*.; *see also Rachels v. Steele*, 633 S.W.2d 473, 475 (Tenn. App. 1981).

*Sanjines v. Ortwein & Assoc.*, *P.C.*, 984 S.W.2d at 909.

In his appellate brief, Mr. Grose does not contend that the trial court abused its discretion in denying the motion to stay, and we do not conclude that the trial court's denial of the motion constituted an abuse of discretion. Rather, Mr. Grose appears to complain that the trial court failed to state the reasons for its denial of the motion in its written order.

A review of the transcript from the motion hearing, however, reveals that the trial court heard argument from Mr. Grose and from Defendants' counsel concerning the motion to stay. When the court ruled from the bench and denied the motion, the court explained that happenings in the wrongful death action would have no impact on whether the instant action should proceed or whether summary judgment should be granted. We agree.

The question addressed to the trial court was whether summary judgment should be granted to Defendants because they had negated an essential element of Mr. Grose's malpractice claims by demonstrating that no breach of duty occurred. We reiterate that Mr. Grose failed to respond with affirmative expert proof demonstrating a breach of duty. As such, the issue would not be impacted by the outcome in the wrongful death litigation. Accordingly, the trial court did not abuse its discretion in denying a stay.

## VII.  Claims of Fraud and Breach of Contract

In his appellate brief, Mr. Grose raised an issue concerning whether the trial court erred by failing to specifically dispose of his claims alleging fraud and breach of contract. We note, however, that following this Court's order entered on April 7, 2022, remanding this matter to the trial court for the limited purpose of specifically addressing those claims, the trial court entered an amended order granting summary judgment in favor of Defendants regarding those particular claims. As a result, Mr. Grose's issue is now moot.

## VIII.  Pretrial Conference

Mr. Grose postulates that the trial court erred by failing to hold a pretrial conference and order (1) the parties to engage in discovery and (2) Mr. Grose to procure and produce an expert witness.[3]  In support of his argument, Mr. Grose cites Tennessee

---

[3] The record reflects that the trial court did hold a status conference in this matter on November 4, 2019.

Rule of Civil Procedure 16.01, which provides that "the court <u>may</u> in its discretion, or upon motion of any party, conduct a conference with the attorneys for the parties and any unrepresented parties, in person or by telephone, mail, or other suitable means" (emphasis added). As our Supreme Court has explained, use of the word "may" in a statute or rule "ordinarily connotes discretion or permission and will not be treated as a word of command[.]" *See Williams v. McMinn Cnty.*, 352 S.W.2d 430, 433 (Tenn. 1961).

Moreover, as the trial court pointed out during the hearing on the motion, conducting discovery is the responsibility of the parties and does not require a court order to initiate. Similarly, procuring an expert witness on matters requiring expert proof, for which the plaintiffs bear the burden of proof, is also not something that the court is required to direct. These are simply matters that the parties are expected to properly handle as they prepare and litigate their case. Although we realize that Mr. Grose is self-represented and may not have knowledge of the manner in which litigation is typically conducted, we have previously noted that "[p]ro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries." *Hessmer*, 138 S.W.3d at 904. As such, it was not the trial court's responsibility to direct Mr. Grose to engage in discovery or to procure an expert witness to substantiate his claims. This argument is unavailing.

IX. Administrator *Ad Litem* for Bernie Kustoff

Mr. Grose appears to argue that the trial court erred by declining to appoint David Kustoff or one of the other individuals proposed by Plaintiffs as a substitute party for Bernie Kustoff after his death. We note, however, that the Shelby County Chancery Court entered a consent order on March 9, 2020, appointing attorney Stephen Vescovo as administrator *ad litem* for the Estate of Bernie Kustoff. We further note that Mr. Grose signed this consent order, indicating his acquiescence to Mr. Vescovo's appointment. We therefore find this argument unavailing.

X. Jim Strickland as a Party Defendant

Finally, Mr. Grose raises the issue of whether the trial court erred by declining to allow Plaintiffs to add Jim Strickland as a party defendant. However, Mr. Grose neglected to offer support of this issue in the argument section of his brief, failing to state "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on[.]" Tenn. R. App. P. 27(a)(7)(A). *See Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App.

---

The court subsequently entered a written order on December 20, 2019, setting deadlines for discovery. Mr. Grose signed this order on his own behalf.

- 18 -

2002) ("[W]hen a party raises an issue in its brief, but fails to address it in the argument section of the brief, we consider the issue to be waived."). Accordingly, this issue is deemed waived.

## XI.  Conclusion

For the foregoing reasons, we conclude that the trial court's grant of summary judgment in favor of Defendants should be affirmed. Costs on appeal are assessed to the appellants, Anthony T. Grose; Corwin Grose; Jefferson Grose, III; Curtis Grose; Herbert Grose; and Lonita Grose Dowdy. This case is remanded to the trial court for collection of costs assessed below.


s/Thomas R. Frierson, II
_____
THOMAS R. FRIERSON, II, JUDGE